HARRIS MANUFACTURING COMPANY *vs.* ANFIN ANFINSON.

October 22, 1883.

**Promissory Note—Attorney's Fee.**—*Johnston Harvester Co.* v. *Clark*, 30 Minn. 308, followed as to the validity of an agreement (in a machine note) for payment of an attorney's fee.

This action was brought in the district court for Clay county, upon the following instrument:

"$100.   HAWLEY, CLAY COUNTY, MINNESOTA, July 13th, 1880.

"On or before the first day of April, 1882, for value received in one Leader Reaper, No. 13243, I promise to pay Harris Manufacturing Co., or order, one hundred dollars, at the express office in Hawley, Minnesota, with interest thereon from date at the rate of ten (10) per cent. per annum till paid, and if paid when due to be a deduction of three per cent. I also agree to pay a reasonable attorney fee, if suit is commenced to collect the same.

"The express condition of the sale and purchase of said machine is such that the title or ownership does not pass from the said Harris Manufacturing Co., until the note and interest is paid in full; that the said Harris Manufacturing Co. have full power to declare this note due, take possession of said machine, to sell the same at public or private sale, apply the proceeds upon note at any time they may deem themselves insecure, even before the maturity of this note.

"For the purpose of obtaining the goods for which this note is given, I, A. Anfinson, certify that I own in my own name 122 acres of land, in the town of Park, county of Clay, state of Minnesota, with 90 acres improved, worth at a fair valuation $1,000, which is not incumbered by mortgage or otherwise except $———.

"I own, at a reasonable cash valuation, $800 worth of personal property over and above all indebtedness, except the incumbrance on my land, if any.

"R. C. BROPHY, Witness.     A. his<br>
                    X ANFINSON."<br>
                   mark.

The answer alleged as a defence that the defendant had paid the note in full to the agent of plaintiff duly authorized to receive payment.

On the trial, before *Stearns*, J., plaintiff offered the note in evidence, and rested. Thereupon defendant moved for judgment, on the ground that the note was usurious as providing for a greater rate of interest than allowed by law. This motion was granted, and the plaintiff appeals from an order refusing a new trial.

*H. H. Phelps*, for appellant.

*Wilson & Ball*, for respondent.

*By the Court.* This case is ruled by *Johnston Harvester Co.* v. *Clark*, 30 Minn. 308, in which we held a stipulation (contained in a machine note) for the payment of an attorney's fee in case of suit, valid. By consequence it would not be usurious. In *White* v. *Iltis*, 24 Minn. 43, the court was of opinion that the interest clause was so peculiarly worded as to include the attorney's fee mentioned, not simply as an attorney's fee, but *as interest*.

Order reversed, and new trial ordered.