## PAULS VALLEY NAT. BANK v. MITCHELL.

No. 5819.   Opinion Filed February 1, 1916.

(154 Pac. 1188.)

**BANKS AND BANKING—National Banks—Usury—Recovery of Penalty—Demand.** An action to recover double the amount of usurious interest paid, against a national bank is governed by section 5198, Revised Statutes United States (U. S. Comp. St. 1913, sec. 9759), and not by section 1005, Rev. Laws 1910, and it is not necessary in such an action to allege and prove a demand for the return of the usury claimed.

(Syllabus by Rummons, C.)

*Error from County Court, Garvin County;*
*W. R. Wallace, Judge.*

Action by J. F. Mitchell against the Pauls Valley National Bank, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*Thompson & Patterson,* for plaintiff in error.

Opinion by RUMMONS, C.  This action was commenced in the county court of Garvin county to recover from the plaintiff in error the penalty for usury prescribed in section 5198, Revised Statutes United States. The cause was tried to a jury, and resulted in a verdict and judgment for defendant in error, to reverse which plaintiff in error brings this proceeding.

The first proposition urged by plaintiff in error is that the court erred in overruling its demurrer to the petition, its objection to the introduction of evidence, its demurrer to the evidence, and its motion to instruct the jury to return a verdict in its favor.  All these rested upon the proposition that it was necessary for the defendant in error to allege and prove a demand for the return of the alleged usurious interest before he could recover.  We do not think this assignment of error is well taken.  This suit, being against a national bank, is governed by the provisions of the act of Congress relating to national banks.  Congress has exclusive right to legislate as to national banks, and, having legislated upon the subject of the recovery of usury from national banks, such legislation is exclusive.  *Farmers' & Mechanics' Bank v. Dearing,* 91 U. S. 29, 23 L. Ed. 196, 199.  It is, however, argued by plaintiff in error that, while defendant in error can only recover the penalty prescribed by the Revised Laws of the United States, yet, having brought his action in the state court, he is bound by the procedure governing actions for the recovery of the penalty provided by Rev. Laws 1910, sec. 1005, for the taking of usurious interest.  The fallacy of the argument of plaintiff in error lies in the fact that the action of defendant in error is not brought to recover the penalty prescribed in section 1005, Rev. Laws, 1910, but to

recover the penalty prescribed by the Revised Laws of the United States, and, no demand being prescribed by such statute, it was not necessary for defendant in error to make demand in order to entitle him to a recovery. The Revised Laws of the United States provide that the penalty may be recovered in an action in the nature of an action of debt, and, as no demand was ever necessary to maintain the action of debt, the trial court committed no error in overruling plaintiff in error's objections.

Plaintiff in error next complains of the instructions given by the court. While the form of the instruction complained of set out in the brief of plaintiff in error is open to criticism, yet, taken together with all the instructions given by the court, we cannot say that the jury was misled thereby as to the burden of proof, and the giving of the same did not, therefore, constitute reversible error.

Plaintiff in error further complains of the refusal of an instruction requested by it. We do not think the instruction requested correctly stated the law applicable to the case, and therefore the court committed no error in refusing the same.

Complaint is further made of the rulings of the court upon the admission of testimony; but we do not think the rulings complained of constitute prejudicial error.

We have not been favored by a brief for the defendant in error, but a careful examination of the brief of plaintiff in error does not disclose the commission of any reversible error by the trial court, and its judgment should therefore be affirmed.

By the Court: It is so ordered.