FIRST NAT. BANK OF WELLSTON v. GREEN.

No. 5642.  Opinion Filed March 28, 1916.

(155 Pac. 502.)

1.  **USURY—Penalty—Right of Action—Demand.** In case a greater rate of interest has been knowingly charged and received by a banking association organized under the acts of Congress, and commonly known as a national bank, than is allowed by the statutes of this state, the person by whom it has been paid, or his legal representatives, may recover back from said bank, in an action in the nature of an action of debt, twice the amount of the interest thus paid said bank, and it is not necessary in such an action to allege and prove a demand for the return of the usury claimed.

2.  **BANKS AND BANKING—Usury—Forfeitures and Penalties— State Laws—Application to National Banks.** As such banks are under the exclusive control of the acts of Congress, the state laws providing for forfeitures and penalties for charging and taking a greater rate of interest than is allowed by law have no application to such banks, and they are not governed nor controlled thereby.

(Syllabus by Robberts, C.)

*Error from County Court, Lincoln County;*
*H. M. Jarrett, Judge.*

Action by Henry Green against the First National Bank of Wellston, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*Geo. B. Rittenhouse* and *F. A. Rittenhouse,* for plaintiff in error.

*W. L. Johnson* and *S. A. Cordell*, for defendant in error.

Opinion by ROBBERTS, C. This action was brought in the county court of Lincoln county by the defendant in error, who will hereinafter be designated as plaintiff, against the plaintiff in error, who will be called defendant, to recover the forfeiture provided for charging a usurious rate of interest.

The record evidence shows that on the 2d day of February, 1912, the plaintiff borrowed and received from the defendant the sum of $75, for which he executed and delivered to the defendant his promissory note for the sum of $86.50, payable on the 20th day of December, 1912, and that on the 28th day of June, 1912, plaintiff borrowed and received from the defendant the sum of $20, for which he executed and delivered to the defendant his note for the sum of $22.40, made due and payable on the 20th day of December, 1912, and that plaintiff paid both of said notes in full at the maturity thereof, thereby paying to defendant as interest the sum of $13.90, this being an excess above the legal rate of interest on the first note of the sum of $6, and on the second note of the sum of $1.40. The case was tried to a jury, and verdict returned and judgment rendered in favor of the plaintiff for $27.80, which was double the amount of all the interest collected by the defendant from the plaintiff. Motion for new trial was overruled, exceptions saved, and defendant brings error. Counsel for plaintiff in error make the following assignments of error:

"First. That said court erred in overruling the motion of plaintiff in error for a new trial.

"Second. That said court erred in overruling the demurrer to the petition.

"Third. That said court erred in overruling the demurrer to the evidence filed by the plaintiff in error.

"Fourth. That the verdict is against the weight of. the evidence and the law."

The first assignment is not urged in the briefs, for the reason that it is included in the other assignments.

The second contention, that the demurrer to plaintiff's petition should have been sustained, on the ground that defendant is a national bank, is not tenable, for the reason that such cause of action lies against a bank organized under the acts of Congress, and the fact that plaintiff claimed attorney's fees as provided under the state law, which is not in the acts of Congress, would simply be surplusage, and would not of itself defeat the plaintiff's right of recovery for the forfeiture claimed.

Section 5198, Rev. Stat. U. S. (U. S. Comp. St. 1913, sec. 9759), provides that:

"In case a greater rate of interest [than allowed by the state law] has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same."

It will be noticed that there is no provision for recovering attorney's fees therein, nor does the act of Congress provide, as does our state statute, that demand shall be made for a return of the usury before an action will lie. The defendant being a national bank, it is within the exclusive control of the acts of Congress, and therefore the acts of the state Legislature in reference to the recovery

of forfeiture and penalties are not applicable to national banks, nor are they controlled thereby. In *Farmers' & Mechanics' National Bank v. Dearing,* 91 U. S. 29, 23 L. Ed. 196, that doctrine is fully sustained, and the first and second headnotes thereof are as follows:

"The states can exercise no control over national banks, nor in any wise affect their operation, except in so far as Congress may see proper to permit.

"The discount of a note by a national bank at a greater rate of interest than is allowed by the statute of the state where such bank is located does not render it liable to the penalty for usury provided by the state statute."

See, also, *Schuyler National Bank v. Gadsden,* 191 U. S. 451, 24 Sup. Ct. 129, 48 L. Ed. 258, and numerous other decisions of that court to the same effect.

In a recent decision handed down by Rummons, C., in the case of *Pauls Valley Nat. Bank v. Mitchell,* 55 Okla. 170, 154 Pac. 1188, it is said:

"An action to recover double the amount of usurious interest paid against a national bank is governed by section 5198, Revised Statutes United States, and not by section 1005, Rev. Laws 1910, and it is not necessary in such an action to allege and prove a demand for the return of the usury claimed."

The action of the court in allowing the plaintiff to remit the judgment for attorney's fees was entirely within its discretion, and there was no error committed thereby. The contention that the demurrer to the petition should have been sustained because there is no allegation therein that usury was knowingly charged and collected is not tenable, for the reason that it is alleged:

That "the defendant made and entered into a corrupt and unlawful agreement to charge and reserve, and that plaintiff should and did pay the usurious rate designated."

We think this a sufficient allegation of knowingly charging and receiving usury.

The third and fourth assignments go to the sufficiency of the evidence. The law of this state is too well settled to require a discussion of that matter. It was and is a question for the jury, and, having been settled by the jury, the verdict should not be disturbed by this court.

Under the authorities, this case should be affirmed.

By the Court: It is so ordered.