## FIRST NAT. BANK OF STIGLER v. HOWARD.

No. 7425—Opinion Filed June 13, 1916.
(158 Pac. 438.)

1. **Banks and Banking—National Banks—Usury—Recovery of Penalty—What Law Governs.**

The right of a borrower to recover a penalty for usury from a national bank is governed by the acts of Congress, and not by section 1005. Rev. Laws 1910.

2. **Same—Demand—Attorney's Fees.**

Where usury has been paid to a national bank, in order to recover the same, it is not necessary that a demand, complying with the terms of section 1005, Rev. Laws 1910, be made, nor is an attorney's fee recoverable under section 1006 of such laws, there being no provision for the recovery of an attorney's fee in the acts of Congress.

(Syllabus by Burford. C.)

Error from District Court, Haskell County; W. H. Brown, Judge.

Action by J. T. Howard against the First National Bank of Stigler, to recover penalty for usury charged. Judgment for plaintiff, and defendant appeals. Affirmed on condition.

E. O. Clark and J. W. Foster, for plaintiff in error.

A. L. Beckett, for defendant in error.

Opinion by BURFORD, C. This was an action brought by J. T. Howard against the First National Bank of Stigler, to recover twice the amount of interest paid in excess of the rate of 10 per cent. per annum upon the principal sum loaned. There was a general demurrer filed by the defendant, which was overruled, and properly so, since the petition stated a cause of action. The petition, however, in addition to twice the amount of unlawful interest paid, sought to recover an attorney's fee, and to this portion of the petition a special demurrer was lodged, which was by the court overruled. This was error, as the rights of the parties were governed by section 5198 of the Revised Statutes of the United States, and not by sections 1005, 1006, Rev. Laws 1910. First National Bank of Wellston v. Henry Green, 56 Okla. 698, 155 Pac. 502; Miller et ux. v. Oklahoma State Bank of Altus, 53 Okla. 616, 157 Pac. 767. The defendant then answered, setting up that it was a national bank, and that the written demand made upon it was not sufficient; and, secondly, that the statute does not authorize a recovery of an attorney's fee. The defendant demurred to this answer, and the demurrer was sustained. The court thereupon rendered judgment for the plaintiff against the defendant in twice the amount of the unlawful interest paid, and added as a part of the judgment an attorney's fee of $50. it having been agreed between the parties that if an attorney's fee was recoverable at all, such an amount was a reasonable one.

Under the act of Congress no demand, such as is contemplated by section 1005, Rev. Laws 1910, is required before the borrower may bring an action for the recovery of a penalty for usurious interest paid. First National Bank v. Green; Miller v. Oklahoma State Bank, supra. The action of the court in rendering judgment for the attorney's fee was, however, as noted above, improper.

It is urged that the attorney's fee was taxed only as costs, and not as a part of the judgment, and defendant in error concedes in his brief that he was not entitled to recover it. It appears from the records, however, that the attorney's fee was in-

cluded in the judgment and not taxed as costs. In addition there is no authority in this kind of an action for taxing such costs. It is the state statute, and not an act of Congress, that authorizes the taxing of an attorney's fee as costs.

That portion of the judgment of the trial court, therefore, which gave to the plaintiff below judgment in the sum of $471.94 as penalty for unlawful interest paid is affirmed, upon condition that defendant in error file a remittitur of the attorney's fees and furnish the clerk of this court a certified copy of the same within ten days. Otherwise the judgment to be reversed and a new trial granted. In the event the remittitur is filed the costs of the court will be divided.

By the Court: It is so ordered.