## COMMERCIAL NAT. BANK OF CHECOTAH v. PHILLIPS.

No. 7926—Opinion Filed Oct. 31, 1916.

(160 Pac. 920.)

**1. Banks and Banking—National Banks—Recovery of Usury Paid—Demand.**

An action against a national bank to recover double the amount of usurious interest paid is governed by section 5198, Rev. St. U. S. (U. S. Comp. St. 1913, sec. 9759), and not by section 1005, Rev. Laws Okla. 1910, and in such action it is not necessary to allege and prove a demand for the return of the usury claimed.

**2. Courts—Concurrent Jurisdiction—National Banks—Recovery of Usury.**

A suit against a national bank for the recovery of a penalty for charging usury is cognizable in a state court having general jurisdiction of suits to recover usury and penalties therefor, and such state court is not divested of jurisdiction, where no demand for the return of the usury is alleged or proved, by reason of the fact that the state statute requires a demand for the return of the usury as a condition precedent to the maintenance of a suit to recover a penalty for reserving or charging the same.

**3. Banks and Banking—National Banks—Action for Usury—Direction of Verdict.**

Where, in such case, the facts are undisputed and show a simple loan of money, upon which a sum is collected as interest in amount greatly in excess of that allowed by law, there being no other contracts or transactions involved, and the whole matter being carried on by one of the officers of the defendant bank, the trial court is justified in assuming that the collecting of such usurious interest was knowingly done, and in peremptorily charging the jury to return a verdict for the plaintiff.

(Syllabus by Burford, C.)

Error from District Court, McIntosh County: T. P. Clay. Assigned Judge.

Action by S. A. Phillips against the Com-

mercial National Bank of Checotah. From a judgment for plaintiff, defendant appeals. Affirmed.

Chas. R. Freeman, for plaintiff in error.

W. T. Banks, for defendant in error.

Opinion by BURFORD, C. This was an action instituted in the district court of McIntosh county, Okla., by S. A. Phillips as plaintiff, against the Commercial National Bank of Checotah as defendant, to recover twice the amount of usurious interest charged by the bank and paid by him. There was no allegation in the petition or proof at the trial that any demand had been made for the return of the usury. The suit being against a national bank was brought under the authority of section 5198, Rev. St. U. S. There was a demurrer to the petition, which was overruled. Thereupon the defendants answered alleging specifically that no demand for the return of the usury had been made, and denying generally the allegations of the petition. At the trial the plaintiff introduced evidence, to which the defendant demurred, and upon said demurrer being overruled introduced no evidence. Whereupon the trial court gave the jury a peremptory instruction to return a verdict for the plaintiff for the amount claimed. The evidence clearly showed that the plaintiff had carried on two transactions with the cashier of the defendant bank; that the loans were both made by and the payments made to the same officer. There was no question of any mistake in the amount of the loan or in the amount paid, though the defendant was somewhat in doubt as to when he paid the notes. These notes, however, were in evidence and showed the bank's indorsement as to when they were paid. The notes were not usurious on their face, but the testimony clearly showed that there was included in the face of the notes an amount in excess of the principal, which, together with other payments made as interest, made the amount charged for the use of the money greatly in excess of anything that could possibly have been lawfully charged under the state statute.

It is here alleged as error (first) that the action could not be maintained for the reason that no demand for the return of the usury was alleged or proved. That such a demand is not necessary is settled by numerous decisions of this court. In Pauls Valley National Bank v. Mitchell, 55 Okla. 170, 154 Pac. 1188, it was said: ·

"An action to recover double the amount of usurious interest paid, against a national bank is governed by section 5198, Revised Statutes United States (U. S. Comp. Stat. 1913, sec. 9759), and that by section 1005, Rev. Laws 1910, and it is not necessary in such an action to allege and prove a demand for the return of the usury claim."

The same principle is announced in First National Bank of Wellston v. Green, 56 Okla. 698, 155 Pac. 502, First National Bank of Stigler v. Howard, 59 Okla. 134, 158 Pac. 438, and is discussed in Miller v. Oklahoma State Bank of Altus, 53 Okla. 616, 157 Pac. 767.

The additional point is made that the federal statute confers jurisdiction to entertain suits of this nature only upon state courts "having jurisdiction in similar cases," and that inasmuch as demand is necessary, as a condition precedent to maintaining such a suit against a state bank or an individual brought under the state statute, the courts in this state have no jurisdiction to entertain a suit for the recovery of a penalty for usury against a national bank, unless demand be proved, for the reason that unless such a demand be proved a state court has no jurisdiction "of any action similar" to that arising under the federal statute. With this contention we are not able to agree. In our judgment the word "similar," used in the federal statute, refers to cases of like general nature, and does not mean cases exactly the same as that under the federal statute. It has been said, beginning with Farmers' and Mechanics' Bank v. Dearing, 91 U. S. 29, 23 L. Ed. 196, followed and approved by this court in many cases, among them those above cited, that, in the language of that opinion, "the states can exercise no control over [national banks] nor in any wise affect their operation, except in so far as Congress may see proper to permit," and that the state statutes in relation to usury have no relation to a national bank. Farmers' and Mechanics' National Bank v. Dearing, supra; Schuyler National Bank v. Gadsden, 191 U. S. 451, 24 Sup. Ct. 129, 48 L. Ed. 258, and cases cited.

The district court of McIntosh county did have jurisdiction to entertain suits for the recovery of a penalty for usury. This, in our judgment, was what was contemplated by the federal statute. Under the decisions above quoted, both of the Supreme Court of the United States and of this court, a state law could not affect the right of action given by the federal statute. It did create a right of action in "a similar case" and gave jurisdiction to the district court to entertain it.

It therefore had the right to entertain the cause of action given by the federal statute.

In Sigsbee v. Birmingham, 160 Ala. 196, 48 South. 843, the court was construing a statute providing that no election for annexation of territory to the city should be had within six months after election *had been held under that or "any similar law." It was there held that the word "similar" did not mean "precisely like," but "with more or less resemblance."

In Greenleaf v. Goodrich, 101 U. S. 278, 25 L. Ed. 845, the court was construing that part of the revenue act of 1862 fixing a duty to be paid on cloth composed of worsted wool, mohair, and goods of "similar" description. It was there said that the word "similar" was "intended to express goods like and not identical with those named."

It is true that in its context the word "similar" may sometimes mean "exactly like." As was said in Frankel v. Tyrolean Alps Co., 121 Mo. App. 51, 97 S. W. 961:

"Similar means: '(1) Exactly corresponding, resembling in all respects; precisely like. (2) Nearly corresponding, resembling in many respects; somewhat alike; having a general likeness. (3) Homogeneous; uniform.' "

In our judgment the word used in the federal statute as above stated means having the same general characteristics. In other words, a state court has jurisdiction to entertain suits under the federal statute when it has jurisdiction to entertain suits of any nature for the recovery of usury and the penalties provided thereon under the state statute. In other words, when the state court has jurisdiction of a cause of action for the recovery of usury or a penalty therefor, it has jurisdiction to enforce the right given by the federal statute, the action being "similar" though not exactly alike in all characteristics. This construction is strengthened by the fact that, so far as our investigations have shown, no state court having general jurisdiction of a suit to recover a penalty for usury has ever been denied jurisdiction to entertain a suit under the federal statute, whereas, in many instances, not only in other states, but in our own in the cases above cited, the jurisdiction has been upheld. In fact, the same proposition here announced was discussed in Pauls Valley National Bank v. Mitchell, supra, where it was said:

"It is, however, argued by plaintiff in error that, while defendant in error can only recover the penalty prescribed by the Revised Laws of the United States, yet, having brought his action in a state court, he is bound by the procedure governing actions for the recovery of the penalty provided by Revised Laws 1910, sec. 1005, for the taking of usurious interest. The fallacy of the argument of plaintiff in error lies in the fact that the action of defendant in error is not brought to recover the penalty prescribed by the Revised Laws 1910, but to recover the penalty prescribed by the Revised Laws of the United States, and, no demand being prescribed by such statute, it was not necessary for defendant in error to make demand in order to entitle him to a recovery."

The final contention is that the trial court erred in giving a peremptory instruction for the plaintiff upon the ground that the question of whether or not usury was knowingly charged was for the jury. There was no dispute at the trial as to any of the facts. The defendant offered no testimony; that of the plaintiff clearly showed two simple transactions for the loan of money, all consummated with the same officer of the bank, all payments made to such officer. The amount charged was greatly in excess of the amount which could properly be charged under the statute. In the absence of any testimony establishing it, there could be no question of mistake; no other transactions were involved; there was nothing except a simple loan of money with a rate of interest charged and paid greatly in excess of that allowed by law. The evidence of the plaintiff, although somewhat uncertain as to some dates of payment of the different amounts, did fix certain final dates prior to which he was certain all payments were made, and, considering this evidence in its most favorable light for defendant, the interest charged was usurious. Supplementing this were the notes bearing the indorsement of the defendant bank, showing when they were paid. Under this state of facts, which it might be said in passing varies greatly from that involved in Merchants' and Planters' Nat. Bank v. Horton, 27 Okla. 689, 117 Pac. 201, cited by plaintiff in error, we think the trial court was justified in assuming that the interest was knowingly charged and received, as alleged in the petition, and that the peremptory instruction for the plaintiff was justified. There was no dispute in the facts, and the inferences to be drawn therefrom, and therefore no question for the jury to pass upon.

We find no error in the record, and therefore the judgment is **affirmed.**

By the Court: It is so ordered.