## AMERICAN NAT. BANK v. STAPLETON.

No. 8405—Opinion Filed Dec. 24, 1917.

(169 Pac. 494.)

(Syllabus.)

**Appeal and Error—Question of Fact—Verdict.**

Where there is any evidence reasonably tending to support the verdict of the jury, it should not be disturbed by the Supreme Court; but where, after a careful examination of all the evidence in the case, it is found that there is not any competent evidence to sustain the verdict, the cause will be reversed.

Error from County Court, Pittsburg County; S. F. Brown, Judge.

Action by J. T. Stapleton against the American National Bank. From a judgment of the county court for plaintiff, on a trial de novo on appeal from justice's court, defendant brings error. Reversed and remanded for new trial.

Horton & Smith, for plaintiff in error.

H. B. Milner, for defendant in error.

RAINEY, J. This action was commenced before a justice of the peace, at McAlester, Pittsburg county, Okla., and on appeal was tried de novo in the county court of that county. The plaintiff, J. T. Stapleton, in his bill of particulars, alleged that the defendant, the American National Bank, had charged him, and that he had paid, usurious interest, in the sum of $28, on a loan of $200, and asked for judgment in a sum double the amount of the interest paid, as a penalty for the charging of said usurious interest. The cause was tried to a jury, and, from a judgment in favor of the plaintiff, the defendant bank has appealed to this court.

The parties will be designated as in the trial court.

The evidence in the case consists of the testimony of the plaintiff, Stapleton, and of plaintiff's counsel, H. B. Milner. There was also introduced in evidence, over the objection of defendant, a copy of the written demand that was served on the defendant

bank for the return of the alleged usurious interest. The plaintiff testified that he borrowed $200 from the American National Bank, but that he did not remember the date of the transaction; that when the note was due he had it extended for about 30 days; that he paid altogether the sum of $28 interest; and that, after the extension, he paid the note when it was due. Plaintiff's attorney identified a copy of the original demand for the return of the usurious interest served on the defendant bank, testified as to the fact of making the service, and offered the copy in evidence, which was admitted over the objection of counsel for the bank. During the trial in the county court, counsel for plaintiff stated to the court that he was unable to find the original note, but that he had a copy thereof, which he offered in evidence. Counsel for defendant objected to the introduction of the purported copy of the note on the ground that no proof had been made that it was a true copy, that the same was not the best evidence, and that no notice had been given as required by law in regard to introducing a copy at the trial. This objection was overruled, but there is nothing in the record to show that the purported copy of the note was ever read to the jury, and it is not in the record. Neither is there any other testimony in the record as to when the money was borrowed, when the note was due, or when it, or the alleged usurious interest, was paid. It does appear, however, that the copy of the written demand served by plaintiff's counsel on the defendant bank, and offered in evidence, contained a recital as to the date the money was borrowed and the dates the note and usurious interest were paid.

The action is against a national bank, and it is contended by defendant, and conceded by plaintiff, that it is unnecessary to allege and prove a demand for the return of usurious interest, where the action is against a national bank. This is the holding of this court in the following cases: Pauls Valley Nat. Bank v. Mitchell, 55 Okla. 170, 154 Pac. 1188; First Nat. Bank of Stigler v. Howard, 59 Okla. 134, 158 Pac. 438; Commercial Nat. Bank of Checotah v. Phillips, 61 Okla. 179, 160 Pac. 920.

We do not think the copy of the written demand served on the defendant was admissible for any purpose. Certainly, the statement of purported facts therein contained was not evidence and did not dispense with proof of the material facts necessary to a recovery. Section 1005, Rev. Laws of Okla-

homa, 1910, requires, as a condition precedent to the institution of a suit to recover usurious interest, that the parties bringing such suit must make a written demand for the return of such usury; but, as is held in the above cases, this section has no application when the suit is against a national bank.

Under this state of facts, this case is governed by the case of Merchants' & Planters' National Bank of Mill Creek v. Horton, 27 Okla. 689, 117 Pac. 201, which is similar to the case under consideration in several respects. In the course of the opinion in that case, Mr. Justice Hayes, speaking for this court, said:

"The evidence discloses that the amount of the note in excess of the sum received by plaintiff from this bank would constitute usurious interest for the time the note was to run, but the evidence also discloses that the note was not paid at maturity; and, while there is evidence tending to show that other payments for interest were made upon the note, and that plaintiffs paid, in all, as interest thereon the sum of $17.50, there is no evidence showing when these payments were made, or for what length of time plaintiffs had the use of the amount of money received by them on the note. The note on which was indorsed the dates of all payments was referred to in the evidence and presented for introduction as evidence, and there seems to have been no objection thereto; but, if the same was ever read to the jury, it is not so disclosed by the record, and the record does not contain it. As the record now stands, the evidence establishes that plaintiffs have paid $17.50 as interest on $150, but for what length of time the record does not disclose, and, without doing so, it cannot be determined whether the amount of interest paid is usurious, the burden to establish which is upon plaintiffs."

It appears, then, that there was not any competent evidence before the jury to prove that the plaintiff had paid usurious interest, and the cause is therefore reversed and remanded for new trial.

All the Justices concur.