## FIRST NATIONAL BANK OF HERMAN v. CARGILL ELEVATOR COMPANY.[1]

February 16, 1923.

No. 23,285.

**Mortgaged grain sold to defendant.**

1. The evidence sustains the finding of the jury that certain grain purchased by the defendant was grown by a farmer who had mortgaged it to the plaintiff as a growing crop.

**Chattel mortgage was not usurious.**

2. The mortgage was not usurious because it provided for 10 per cent interest payable semiannually, 10 per cent being the highest legal rate, nor because it provided for a collection and attorney's fees.

**Usury by national bank governed by Federal law.**

3. The effect of taking usury by national banks is fixed by Congress and not by state laws, and the contract is not made void.

**Constructive notice not affected by absence of words from acknowledgment of notary.**

4. The chattel mortgage filed was constructive notice though the certificate of acknowledgment of the notary omitted the words "My commission expires ————————————19——," required by G. S. 1913, § 5712.

**Description of farm sufficient.**

5. The description of the land on which the grain was grown was sufficient to constitute constructive notice.

Action in the district court for Grant county to recover $105 for conversion of 300 bushels of oats. The case was tried before Fla-

[1] Reported in 192 N. W. 111.

herty, J., who at the close of the evidence denied motions of both parties for directed verdicts, and a jury which returned a verdict for $69. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Murphy & Anderson*, for appellant.

*F. C. Anderson*, for respondent.

DIBELL, J.

Action for conversion. There was a verdict for plaintiff. The defendant appeals from the order denying its alternative motion for judgment or a new trial.

1. The defendant is a grain buyer at Herman. In the early part of August, 1921, a tenant farmer living on a farm near the village sold and delivered to the defendant 300 bushels of oats. The plaintiff bank held a mortgage on the farmer's interest in the grain grown on the farm. If the grain bought by the defendant was grown on this farm, and the plaintiff's mortgage was valid and sufficient as notice, there was a conversion.

The farmer raised oats nowhere else. He finished threshing on August 1. His share was put in a bin when threshed; the landlord's share in another bin. He hauled four loads to the defendant's elevator, one each on August 2, 3, 4 and 9. There was direct evidence that the load of August 3 was taken from his bin on the farm. There was a possibility, but no evidence, that the other three loads were not. It was a fair inference for the jury, though there was no direct evidence, that they were. The evidence is as convincing as in First Nat. Bank v. St. Anthony Co. 103 Minn. 82, 114 N. W. 265, where it was held sufficient.

2. The mortgage note drew interest at 10 per cent, payable semiannually, and contained an agreement to pay a 5 per cent collection fee if not paid when due and the further sum of $10 attorney's fee if suit was commenced, the same to become a part of the consideration of the note as liquidated damages. Ten per cent is the highest legal rate. It is claimed that it was usurious.

The provision for the payment of interest semiannually did not make the note usurious. See Lassman v. Jacobson, 125 Minn. 218, 146 N. W. 350, 51 L. R. A. (N. S.) 465, Ann. Cas. 1915 C, 774. Nor

did the provision for the payment of attorney's fees and collection charges, unless a cover, which is not claimed, have that effect. Harris Mnfg. Co. v. Anfinson, 31 Minn. 182, 17 N. W. 274; Duluth L. & L. Co. v. Klovdahl, 55 Minn. 341, 56 N. W. 1119. The note was not usurious on its face. We are not concerned with the enforceability of the provision for a collection of attorney's fee. See Campbell v. Worman, 58 Minn. 561, 60 N. W. 668; Johnston H. Co. v. Clark, 30 Minn. 308, 15 N. W. 252; Pinney v. Jorgenson, 27 Minn. 26, 6 N. W. 376.

3. Besides, the effect of taking usury and the penalties attaching are determined in the case of national banks by Congress and it does not make the contract void. 5 Cyc. 593; 21 Am. & Eng. Enc. (2d ed.) 387; 3 R. C. L. 662; Webb, Usury, § 246; Oates v. National Bank, 100 U. S. 239, 25 L. Ed. 580.

4. The notary's certificate to the acknowledgment of the mortgage did not contain the statement, "My commission expires . . . . . . 19. . . . ," required by G. S. 1913, § 5712. The defendant claims that the mortgage, though filed, because of the omission was not notice. We do not think this the correct view. See Sheridan County v. McKinney, 79 Neb. 220, 223, 112 N. W. 329; Kansas City & S. E. Ry. Co. v. Kansas City & S. W. Ry. Co. 129 Mo. 62, 31 S. W. 451. The mortgage was constructive notice notwithstanding the omission.

5. The mortgage described the grain as follows:

"The undivided two-thirds of all small grain raised on north half of section 3-127-44, town of Logan during crop year of 1921, belonging to me, all hay and all corn, subject to cash rental."

The mortgage described the mortgagor as "of Logan Township of Grant County, and State of Minnesota." The property was described as "the following described property now in my possession in the town, county and state aforesaid." The description was sufficient. Melin v. Reynolds, 32 Minn. 52, 19 N. W. 81; Strolberg v. Brandenberg, 39 Minn. 348, 40 N. W. 356; Close v. Hodges, 44 Minn. 204, 46 N. W. 335.

Order affirmed.