**FIRST NATIONAL BANK of COMANCHE v. JOHNSTON et al.**

No. 24302. Feb. 12, 1935.

J. P. Speer, for plaintiff in error.

H. B. Lockett, for defendants in error.

RILEY, J. Plaintiff in error contends that because it is a national bank the usury laws of the state of Oklahoma do not apply; section 9522, O. S. 1931, is an additional penalty for usury; that the federal statutes, section 5198, Rev. Stats. U. S., and particularly 12 USCA sec. 94, is controlling and paramount.

There is fallacy in this contention. The power is vested in Congress to fix the exclusive penalty against the national bank for charging or collecting usury. First Nat. Bk. of Wellston v. Green, 56 Okla. 698, 155 P. 502; Pauls Valley Nat. Bk. v Mitchell, 55 Okla. 170, 154 P. 1188; First Nat. Bk. of Stigler v. Howard, 59 Okla. 134, 158 P. 438; Commercial Nat. Bk. of Checotah v. Phillips, 61 Okla. 179, 160 P. 920; Farmers & Mechanics Nat. Bk. of Buffalo v. Dearing, 91 U. S. 29, 23 L. Ed. 196; Shuyler v. Nat Bk. of Gadsden, 191 U. S. 451, 48 L. Ed. 258, 24 S. Ct. Rep. 129. But "Congress cannot compel a state court to entertain jurisdiction in any case; they are not inferior courts in the sense of the Constitution; they are not ordained by Congress. State courts are left to consult their own duty from their own state authority and organization." Stearns v. U. S., 2 Paine, 300; Houston v. Moore, 5 Wheat. 1, 5 L. Ed. 19; Claflin v. Houseman, 93 U. S. 130, 23 L. Ed. 833.

There appears to be no intention on the part of Congress, by the enactment of R. S., sec. 5198, supra, to compel jurisdiction on the part of state courts, especially where

such jurisdiction is lacking or prohibited by state law. There appears to be merely an intention to authorize such courts to assume jurisdiction in proper cases. The enactment, in so far as applicable here, reads:

"That suits, actions, and proceedings against any association under this title may be had in any Circuit, District or Territorial Court of the United States held within the district, * * * or in any state, county or municipal court in a county or city in which said association is located having jurisdiction in similar cases." Kinser v. Farmers Natl. Bk., 58 Iowa, 728, 13 N. W. 59.

It is significant that the instant suit is not against such an association for the recovery of usurious interest taken, reserved, or charged. Moreover, the state court in which recovery is sought on the promissory note by the national bank is not one "having jurisdiction in similar cases." Boarman v. Home State Bank, 111 Okla. 285, 239 P. 579.

In Lewis v. Fidelity & Deposit Company of Maryland, 292 U. S. 559, 78 L. Ed. 1431, Mr. Justice Brandeis, speaking for the Supreme Court of the United States, said:

"The argument is that a national bank is an instrumentality of the United States, and cannot subject itself by contract to the laws of the state. But a national bank is subject to state laws unless that law interferes with the purposes of its creation, or destroys its efficiency, or is in conflict with some paramount federal law."

In the case at bar it is argued that the effect of the state law, section 9522, O. S. 1931, denying jurisdiction in state courts to usurers on small claims, is to destroy efficiency, interfere with the purposes of creation of national banks, and that the statute conflicts with the paramount federal law governing such institutions.

Surely, the purposes and efficiency of national banks, safeguarded by paramount federal law, is not wrongdoing, and surely no paramount federal law will require discrimination in favor of such wrongdoer. The plain purpose of the state law is to withhold the judicial power of the state in certain cases comparable to the purpose of the federal government exemplified by the Judiciary Act of 1887, as amended (Jud. Code, sec. 24. 28 USCA sec. 41), wherein federal jurisdiction is withheld from litigants of the same state unless a federal question is involved and the amount exceeds the sum of $3,000. Can the federal government withhold jurisdiction in its courts to such small claimants, and at the same time compel its

exercise in state courts where jurisdiction is prohibited by state law? We think not.

In Douglas v. N. Y., N. H. & H. R. Co., 279 U. S. 377, 49 S. Ct. 355, 73 L. Ed. 747, Mr. Justice Holmes, speaking for the Supreme Court of the United States, said:

"As to the grant of jurisdiction in the Employer's Liability Act (45 USCA secs. 51-59) that statutes does not purport to require state courts to entertain suits arising under it, but only to empower them to do so, so far as the authority of the United States is concerned. It may very well be that if the Supreme Court of New York were given no discretion, being otherwise competent, it would be subject to a duty. But there is nothing in the act of Congress that purports to force a duty upon such courts as against an otherwise valid excuse."

In the case of Ruddy v. Morse Dry Dock & Repair Co., 107 Misc. 199, 176 N. Y. S. 731, it was held:

"Congress cannot broaden the effect of a state statute by giving to an injured employee an election of remedies in a state court not given by the state statute."

Section 9522, O. S. 1931, requiring plaintiff to file a nonusury affidavit in an action on contract or for recovery of money loaned when the amount involved is $300 or less, is jurisdictional. Rennie v. Okla. Farm Mtg. Co., 99 Okla. 217, 226 P. 314; Boarman v. Home St. Bk. of Tecumseh, 111 Okla. 285, 239 P. 579.

Upon noncompliance the effect of this provision is to bar the courts of the state to any person, firm, or corporation, including national banks.

Judgment affirmed.

McNEILL, C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.