AMERICAN AUTOMOBILE INS. CO. v. ALBERT et al.

Civ. No. 3625.

United States District Court
D. Minnesota, Third Division.

Jan. 14, 1952.

paid the latter the amount of a loss sustained, as provided in a bond of indemnity.

Defendants by answer denied liability, and specifically denied plaintiff's right to subrogation under the bond and alleged usury and nullification. There was a verdict for the plaintiff against defendant Lillian Gordon Albert, and a verdict in favor of the remaining defendant, Fred Albert. The matter is now before the court on the motion of Lillian Gordon Albert for judgment only.

If there is some evidence reasonably tending to prove a good cause of action, the motion must fail. In other words, judgment should not be ordered unless the evidence is practically conclusive against the verdict.

Was the contract here relied upon by plaintiff usurious? I do not think so. In my opinion the Acts of Congress, as they relate to national banks, are controlling in the case at bar to the exclusion of state law.[1]

Was the bond illegal? The bond was lawful for the purpose for which it was issued and executed, and could be assigned as was done in the case at bar.[2] In any event, the bond is not essential to plaintiff's right of recovery. Even if the bond were void, plaintiff would not be precluded from recovering as assignee.[3]

Was the plaintiff subrogated to the rights of the bank, as against defendant Lillian Gordon Albert? There is no taint of usury or inequitable conduct in the record of the case at bar. Plaintiff, as the insurer under the bond, made good the loss sustained by the insured, and hence is subrogated to the rights and remedies

John S. Holten (of Faegre & Benson), Minneapolis, Minn., for plaintiff.

Fred Albert, Minneapolis, Minn., for defendant Lillian Gordon Albert.

DONOVAN, District Judge.

Plaintiff commenced this action as an insurer and assignee of the insured, and

1. 12 U.S.C.A. §§ 85, 86; First Nat. Bank of Herman v. Cargill Elevator Co., 155 Minn. 30, 192 N.W. 111; Farmers' & Mechanics' Nat. Bank v. Dearing, 91 U.S. 29, 23 L.Ed. 196; Oates v. National Bank, 100 U.S. 239, 25 L.Ed. 580; Schuyler National Bank v. Gadsden, 191 U.S. 451, 24 S.Ct. 129, 191 U.S. 451, 48 L.Ed. 258; Bowman v. Kohlhase, 170 Minn. 8, 211 N.W. 828, 63 A.L.R. 823, 830; First National Bank of Comanche v. Johnston, 170 Okl. 515, 41 P.2d 115, 101 A.L.R. 750; Pushee v. Johnson, 123 Fla. 305, 166 So. 847, 105 A.L.R. 789, 105 A.L.R. 795; 21 Minn.Law Review, 585, 590; 22 Minn.Law Review, 1071–f.

2. Restatement of Contracts (1932), §§ 151, 547; McBlair v. Gibbes, 17 How. 232, 15 L.Ed. 132.

3. Babcock v. Canadian Northern Ry. Co., 117 Minn. 434, 444, 136 N.W. 275, 279.

the insured may have against third persons in connection with the loss.[4]

The motion for judgment must be, and the same hereby is, denied.

The motion by plaintiff to correct judgment is denied.

It is so ordered.

4. Dunnell's Minnesota Digest, §§ 9044, 9046A, 9048; Restatement, Restitution (1936), § 162.