MONONGAHELA APPLIANCE COMPA-
NY, a West Virginia Corporation,
Plaintiff,

v.

COMMUNITY BANK AND TRUST, N.A.,
a National Banking Association,
Defendant.

Civ. A. No. 74-50-F.

United States District Court,
N. D. West Virginia,
Fairmont Division.

May 2, 1975.

William Bruce Hoff, Parkersburg, W. Va., for plaintiff.

Alfred J. Lemley, Fairmont, W. Va., for defendant.

## MEMORANDUM ORDER

MAXWELL, Chief Judge.

This is an action to recover $268,427.-46, twice the amount of the allegedly usurious interest paid by plaintiff to defendant on a promissory note. The action is brought under 12 U.S.C. §§ 85 and 86.[1] Jurisdiction is founded on 28 U.S.C. § 1331 (federal question), and venue is laid under 12 U.S.C. § 94. Defendant has filed a motion to dismiss for failure to state a claim upon which relief can be granted, Rule 12(b)(6), F.R.Civ.P. Plaintiff has filed a statement in opposition, including a motion to strike defendant's motion for failure to comply with Local Court Rule 2.07(d).

The essential facts in this action, as discerned from the pleadings and briefs of counsel may be stated as follows:

On December 30, 1972, the parties executed a Business Loan Agreement (Plaintiff's Exhibit A), whereby defendant agreed to loan to plaintiff $950,000.-00, at an interest rate of 8½ to 11½%

on the unpaid balance, the rate to be subject to a scale of Prime Rate determined by Union Commerce Bank, Cleveland, Ohio, a participating bank, plus 3%. The loan was payable in 72 monthly installments of $13,194.44 plus interest, payable beginning on February 10, 1973, and monthly thereafter.

The loan was evidenced by a promissory note (Plaintiff's Exhibit B) of even date, in the principal amount of $950,000.00, and the note was secured by a Security Agreement, Financing Statements, and other matters set out in paragraph 2 of the Business Loan Agreement (copies of which are attached as Exhibits to plaintiff's brief in opposition to the motion to dismiss).

The portion of paragraph 2 of the Business Loan Agreement which is significant with regard to the issue before the Court is subparagraph 2j, which provides that:

"The debtor shall maintain a DE-MAND DEPOSIT ACCOUNT at UN-

---

1. These statutes are as follows:

"§ 85. Rate of interest on loans, discounts and purchases

"Any association may take, receive, reserve, and charge on any loan or discount made, or upon any notes, bills of exchange, or other evidences of debt, interest at the rate allowed by the laws of the State, Territory, or District where the bank is located, or at a rate of 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located, whichever may be the greater, and no more, except that where by the laws of any State a different rate is limited for banks organized under State laws, the rate so limited shall be allowed for associations organized or existing in any such State under this chapter. When no rate is fixed by the laws of the State, or Territory, or District, the bank may take, receive, reserve, or charge a rate not exceeding 7 per centum, or 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located, whichever may be the greater, and such interest may be taken in advance, reckoning the days for which the note, bill, or other evidence of debt has to run. The maximum amount of interest or discount to be charged at a branch of an association located outside of the States of the United States and the District of Columbia shall be at the rate allowed by the laws of the country, territory, dependency, province, dominion, insular possession, or other political subdivision where the branch is located. And the purchase, discount, or sale of a bona fide bill of exchange, payable at another place than the place of such purchase, discount, or sale, at not more than the current rate of exchange for sight drafts in addition to the interest, shall not be considered as taking or receiving a greater rate of interest."

"§ 86. Usurious interest; penalty for taking; limitations

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: *Provided*, That such action is commenced within two years from the time the usurious transaction occurred."

ION COMMERCE BANK, in Cleveland, Ohio, in the amount of $100,000.-00 or 20% of that Bank's Participation of the outstanding balance due on said Loan, whichever is the lesser."

It is apparently uncontroverted that plaintiff had available for its use only $850,000.00, presumably because it had no assets other than $100,000.00 of the money loaned with which to maintain the demand deposit account referred to in subparagraph 2j of the Business Loan Agreement. Plaintiff made payments on the unpaid balance of the loan, plus interest, through May 10, 1974. After that date plaintiff declined to pay interest on the $100,000.00 in the demand deposit account and on September 9, 1974, tendered its check for $4,417.61. This amount represented the payment of principal and interest due on September 10, 1974, less the interest paid by the plaintiff on the $100,000.00 maintained in the demand deposit account from the inception of the transaction through May 10, 1974, when plaintiff ceased making interest payments on the $100,000.00. Defendant rejected the tendered payment, and pursuant to the acceleration clause in the promissory note, demanded payment of the principal balance due, $710,076.55, plus interest at the rate of $224.34 per day.

Plaintiff allegedly continued doing business until sometime in December 1974, during which time the parties were in litigation, not germane to the instant action, in state court. This action was instituted on December 27, 1974, and is now before the Court on the motions referred to heretofore.

Before turning to the merits of the defendant's motion to dismiss, it is necessary to consider plaintiff's motion to strike defendant's motion to dismiss.

Plaintiff quotes the portion of Local Court Rule 2.07(d), which provides that:

"If the motion . . . requires consideration of facts not appearing of record, the party urging such shall so state in the motion . . . setting forth precisely the matters of fact he believes are necessary to the proper disposition of the pending motion or presented motion."

Plaintiff contends that defendant asserts factual matters outside the pleadings in its *brief* rather than in the *motion*, and that these factual allegations are not supported by affidavit or otherwise.

The exhibits attached to "Plaintiff's Statement and Memorandum in Opposition to Defendant's Rule 12(b) Motion to Dismiss Plaintiff's Complaint and Action," together with the pleadings and exhibits thereto, provide the basis for the essential facts as recited therein, and establish, the Court believes, the necessary factual background for determination of defendant's motion to dismiss. Accordingly, in order to complete the record, it is

■ Ordered that all memoranda of law, including exhibits attached thereto, submitted by counsel be filed and made a part of the record. Upon consideration of all matters presented with respect to plaintiff's motion to strike defendant's Rule 12(b)(6) motion to dismiss, it is

Ordered that said motion be, and the same is hereby denied, as is the alternative motion to strike defendant's memorandum of law in support of its motion to dismiss.

Plaintiff's complaint alleges that the interest exacted from it in this transaction was usurious within the meaning of 12 U.S.C. § 85, and that it is entitled to recover twice the amount of the entire interest paid, pursuant to 12 U.S.C. § 86. Defendant contends that 12 U.S.C. § 85, which permits a national bank to charge interest at the rate allowed by the laws of the state where it is located, and West Virginia Code § 47–6–10 (Mi-

chie 1966),[2] which precludes corporations from asserting usury as a defense, operate to defeat plaintiff's claim for relief.

■ The purpose of 12 U.S.C. § 85 is to place national banks on an equal footing with state banks. Daggs v. Phoenix National Bank, 177 U.S. 549, 20 S.Ct. 732, 44 L.Ed. 882 (1900); Tiffany v. National Bank of Missouri, 85 U.S. (18 Wall.) 409, 21 L.Ed. 862 (1873). This purpose is accomplished by the statutory adoption of state law for determination of the maximum rate of interest chargeable. Thus, it must be determined whether the transaction in issue is usurious under the law of West Virginia.

West Virginia Code § 47–6–10 (Michie 1966) has remained unaltered since its adoption in 1863, and the only reported case which refers to the statute is Baltimore and O. R. Co. v. Wilson, 2 W.Va. 528 (1868), wherein the Court merely stated, at 555:

" . . . In the first place no question of usury can arise in this case because incorporate companies are exceptions from the operation of the usury laws." (Citation omitted.)

Although there have been no definitive decisions by the highest court of the state, statutes similar to the West Virginia corporate-exception statute have been construed to repeal the usury laws insofar as corporations are concerned. Judge Augustus N. Hand, speaking for the Court in In re International Raw Material Corporation, 22 F.2d 920 (2d Cir. 1927), spoke in almost precisely those terms:

" . . . The New York statute provides that no corporation shall interpose the defense of usury, and this has been held in effect to repeal the usury laws so far as the contracts of corporations are concerned." Id. at 923.

■ Defendant has cited authorities from seven jurisdictions, as well as a number of secondary authorities, in support of the principle that statutes denying usury as a defense to corporations have been construed to also deny the availability of usury for affirmative relief. Plaintiff has supplied no authorities to the contrary, and the Court has found none. The unassailable conclusion that must be drawn is that this is the position that would be adopted by the West Virginia Supreme Court of Appeals if this question were presented to it.

■ It seems abundantly clear that 12 U.S.C. § 85 incorporates state law not only as to the maximum interest rate chargeable, but also as to the exceptions thereto. McNellis v. Merchants National Bank & Trust Co. of Syracuse, 390 F.2d 239 (2d Cir. 1968); Meadow Brook National Bank v. Recile, 302 F.Supp. 62, 76–77 n. 7 (E.D.La.1969). The Comptroller of the Currency has also adopted this position, as set forth in 12 C.F.R. § 7.7310(b):

"A national bank located in a State the law of which denies the defense of usury to a corporate borrower may charge a corporate borrower any rate of interest agreed upon by such borrower."

■ From the foregoing, the Court concludes that 12 U.S.C. § 85 and West Virginia Code § 47–6–10 (Michie 1966), as applied to the facts of this case, operate to defeat the maintenance of the action. Accordingly, it is

Ordered that defendant's motion to dismiss for failure to state a claim upon which relief can be granted, treated as a motion for summary judgment pursuant to Rule 56, F.R.C.P., be, and the same is hereby granted, and this action is dismissed.

2. "§ 47–6–10. Corporations not entitled to defense of usury.

"No corporation shall interpose the defense of usury in any suit or proceeding at law or in chancery, nor shall any bond, note, debt, or contract of a corporation be set aside, impaired, or adjudged invalid by reason of anything contained in the laws prohibiting usury."