Walter L. Terry, J.
Plaintiff, proceeding by way of a motion for summary judgment in lieu of a complaint, seeks judgment against the defendant for the defendant’s default on a promissory note.
It is undisputed that the original note signed by the defend *96 ant was in the amount of $20,000; that it was a demand note, not secured by collateral; that no interest has been paid on the note since December 31, 1975. In addition, it is undisputed that the note provides for the addition of attorney’s fees in the amount of 15% upon default. It is further undisputed that the note provides for interest at the rate of "prime plus 2%”, which resulted in an effective interest rate which the defendant has paid of 12% per annum.
Plaintiff alleges that it is further undisputed that the sum of $17,031.39 of principal remains due and payable and that $710.70 interest calculated to July 1, 1976, is due and payable and that 15% attorney’s fees of $2,661.31 are due and owing.
In opposition to the motion for summary judgment, the defendant alleges that a question of fact exists as to the amount of principal due and owing. Defendant alleges that the interest charged was usurious and that the penalty is double the amount of interest collected to be deducted from the principal amount due.
Further, defendant argues that the attorney’s fees are unconscionable and that the amount cannot be calculated on this motion.
At issue is — Does Federal or New York State law govern the amount of interest which can be charged on this particular note?
The controlling Federal statute is section 85 of title 12 of the United States Code, which provides in pertinent part: "Any association may take, receive, reserve, and charge on any loan or discount made, or upon any notes, bills of exchange, or other evidences of debt, interest at the rate allowed by the laws of the State, Territory, or District where the bank is located, or at a rate of 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located or in the case of business or agricultural loans in the amount of $25,000 or more, at a rate of 5 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district where the bank is located, whichever may be the greater, and no more, except that where by the laws of any State a different rate is limited for banks organized under State laws, the rate so limited shall be allowed for associations organized or existing in any such State under this chapter.”
*97 Plaintiff argues that the phrase, "interest at the rate allowed by the laws of the state * * * where the bank is located” means interest which can be charged by any competing lending institution on any loan of any size; that the Congressional intent in enacting section 85 of title 12 was to give Federal banks a competitive advantage over State banks; that sections 352 and 354 of the Banking Law of the State of New York permit certain licensees engaged in the business of making personal loans in amounts of not more than $2,500 to charge interest at the rate of llA% per month, or an effective annual rate of 15%; that the Federal law would then allow the Federal bank to charge interest up to 15% per annum on the note in question and that, therefore, the note is not usurious.
The defendant argues that the usury laws applicable to this note are the usury laws of the State of New York, as found in subdivisions 1, 3, 6 and 7 of section 108 of the New York Banking Law; that these sections at no time permitted interest to be charged which approached 12% per annum and that, therefore, the interest charged was usurious.
There is a split of authority among the various Federal districts as to whether State or Federal law applies. Representative of those cases which hold that national banks are not subject to State laws regulating interest are Weiner v Bank of King of Prussia (358 F Supp 684); American Auto Ins. Co. v Albert (102 F Supp 542) and Rockland — Atlas Nat. Bank of Boston v Murphy (329 Mass 755). Representative of those cases which hold that the question of whether the rate of interest charged by a national bank is usurious is decided according to law of the State in which the transaction occurs are First Nat. Bank in Mena v Nowlin (509 F2d 872); Haas v Pittsburgh Nat. Bank (60 FRD 604) and Meadow Brook Nat. Bank v Recile (302 F Supp 62).
In order for this court to agree with the plaintiff that Federal law is controlling, it would also be necessary for this court to agree with the plaintiff that it was the intent of the Federal statute to give Federal banks a competitive advantage over State banks. There are numerous cases which hold that the intent and purpose of section 85 of title 12 of the United States Code was to place national banks on an equal footing with State banks so that national banks will not be limited by Congressional restrictions in competing with State banks. (Meadow Brook Nat. Bank v Recile, supra; Acker v Provident *98 Nat. Bank, 373 F Supp 56 and Monongahela Appliance Co. v Community Bank and Trust, 393 F Supp 1226.)
In addition, the court in First Nat. Bank in Mena v Nowlin (supra, p 880) held that "The most favored lender policy has not, however, been extended to give national banks superiority over all state lenders, corporate and individual, including banks, as is contended by the Bank in the instant case.” That court held, in essence, that national banks are subject to the usury laws of the State in which it is located, including the entire case law of such State and not just a numerical rate of interest adopted by the State. Therefore, plaintiffs position in this case, that it enjoys "most favored lender” status under Federal law, is not supported by the authorities cited.
Accordingly, this court concludes that State law is the applicable law and, therefore, the loan was usurious. Plaintiff’s motion for summary judgment must be denied, since the amount of interest to be computed and deducted as a penalty is a question of fact which defeats this motion for summary judgment.
The only issue remaining is the issue of attorney’s fees. Obviously, if the amount of principal has to be computed then the amount of attorney’s fees cannot be computed until that has occurred. In addition, however, this court finds that the language relied upon by the plaintiff for the collection of attorney’s fees produces an unconscionable result and is, therefore, unenforceable.
The language in question is as follows: "In the event that the bank for any reason whatsoever shall deem it necessary to refer this note to an attorney for enforcement of collection thereof, there shall be immediately due from each of the undersigned, in addition to the unpaid principal and late charges, all costs and expenses of such action, and an attorney’s fees of 15% of the amounts then owing and unpaid by the undersigned and the bank may take judgment for all such additional sums.”
The court in Weidman v Tomaselli, (81 Misc 2d 328) declared unenforceable and unconscionable a clause which made attorney’s fees payable on commencement of an action.
The above-quoted language does not even require that an action be commenced or that a default be declared before attorney’s fees are "immediately due”. As in Weidman, there could be a judicial determination that there had been no default and the attorney’s fees would nonetheless be due. Such *99 a result is unconscionable, and unenforceable, pursuant to the authority of that case.