## COLUMBIA CARBON & RIBBON CO. v. WHITE.

No. 11592—Opinion Filed July 10, 1923.

1. **Appeal and Error—Presentation of Error—Misconduct of Counsel.**

Where the misconduct of counsel was made one of the grounds of error on appeal, the facts upon which said error is based must clearly appear in the record, must be saved in motion for new trial, and must be of such character as would prejudice the cause of the party making the complaint. Record examined in this case; held, that no proper basis for this ground of error was presented and the matter complained of was not sufficient to constitute reversible error.

2. **Appeal and Error—Questions of Fact—Verdict.**

Where the defendant pleads as defense to plaintiff's action that the contract had been violated by plaintiff, and defendant, by such violation, was relieved of liability under the contract before the action was com-

menced, and the verdict of the jury was in favor of the plaintiff and there is any evidence on this question reasonably tending to support the verdict of the jury, it will not be disturbed by this court on appeal.

### 3. Usury—Applicability of Statute—Action on Contract—Affidavit.

Section 5101, Compiled Statutes of Oklahoma of 1921, which requires an affidavit to be filed with the bill of particulars or petition, setting forth that the contract sued on was not made in violation of the interest laws of the state and that a greater rate of interest than ten per cent. has not been charged, reserved, or collected upon the contract sued upon, has no application to this case, which is for the recovery of commission for the sale of goods and expense money.

### 4. Appeal and Error—Presentation of Error—Evidence.

Record examined, and no reversible error is found to have been properly presented to the court on the admission of testimony in this action.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Rausa E. White against the Columbia Carbon & Ribbon Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Robt. W. Maupin, for plaintiff in error.

Wm. Pfeiffer, for defendant in error.

Opinion by THOMPSON, C. This action was commenced before Joe Dupree, justice of the peace in and for Oklahoma City, by Rausa E. White, defendant in error, filing her bill of particulars against the Columbia Carbon & Ribbon Company, a corporation, plaintiff in error.

The parties will be referred to in this opinion as plaintiff and defendant, just as they appeared in the lower court.

The bill of particulars alleged that the defendant owed the plaintiff the sum of $145.77 on an oral contract for services performed in the sale of merchandise and expenses incurred by her in making said sales, and attached an itemized statement of the account to the bill of particulars.

A change of venue was taken by defendant and the cause was lodged in the court of Justice of the Peace Hawkins. Defendant filed its answer, denying the indebtedness and setting up a counterclaim in the sum of $34.40, claimed by it against the plaintiff

for money advanced on commission which was not earned by the plaintiff, and the cause was tried to the justice without the intervention of a jury and judgment rendered in favor of the plaintiff for the sum of $136.21 and costs in the sum of $6.75, and the cause was then regularly appealed by defendant to the district court of Oklahoma county and was tried in said court before a jury and the jury found its verdict in favor of the plaintiff in the sum of $145.77, and upon the verdict of the jury the court rendered judgment in favor of the plaintiff for the sum of $145.77, with interest thereon from the 19th day of February, 1920, until paid, at the rate of six per cent. per annum and costs of suit, and ordered execution thereon.

Motion for new trial was filed by defendant, overruled, and exceptions taken thereo, and the cause comes to this court regularly upon appeal from the district court.

Defendant sets up seven grounds for new trial in its motion, but in the brief counsel argues, first, that there was misconduct of counsel for plaintiff; second, a general discussion of the testimony and the effect of said testimony; third, that the action being for less than $300, plaintiff filed no affidavit setting forth that the contract sued on was made in violation of the interest laws of the state; and, fourth, that incompetent evidence in behalf of the plaintiff was admitted by the court.

We have examined the record on the question of misconduct of counsel, complained of by defendant, and we find that there is nothing contained in the record of the opening statement of counsel complained of by defendant, and that the question complained of that was asked by attorney for plaintiff was objected to and the court sustained the objection in the form in which it was made by counsel for the defendant, and it is our opinion that it in no way prejudiced the rights of the defendant.

On the second ground set forth in defendant's brief, we have examined the evidence, and find that there is sufficient evidence reasonably tending to support the verdict of the jury, and that the jury, being the exclusive judge of the facts submitted to it by the court, has, by its verdict, settled all issues of fact in favor of the plaintiff in this cause, and this court has uniformly held that where there is any evidence reasonably tending to support the verdict of the jury, this court will not disturb the verdict on appeal, and this doctrine is supported by the following recent authority:

"Where the defendant pleads as a defense to plaintiff's action that the contract had been abrogated and rescinded by both of 'the parties at the time the action was commenced, and the verdict is in favor of the plaintiff, and there is any evidence on this question reasonably tending to support the verdict of the jury, it will not be disturbed by this court on appeal." West v. Oakey, 54 Okla. 59, 202 Pac. 318.

"In a suit to recover the purchase price of goods, a counterclaim is pleaded and evidence introduced in support thereof, and the question is submitted to the jury under instructions not excepted to, and the jury returns a verdict which is reasonably supported by the evidence; such verdict and judgment thereon will not be disturbed upon appeal to this court." Vogel Bros. & Co. v. Bastin, 84 Okla. 273, 203 Pac. 219.

Upon the third proposition complained of by counsel, that the court erred in not sustaining the motion to dismiss the action for the reason that plaintiff did not file with the bill of particulars an affidavit setting forth that the contract sued on was not made in violation of the interest laws of the state, it is our opinion that said statute referred to does not in any way apply to an action of this nature. This court, in a recent opinion, in the case of D. Clapp and C. G. Dabbs v. R. F. Smith. No. 11545, filed on the 12th day of June, 1923, 91 Okla. ——, 216 Pac. 120, held that said statute was not applicable where the parties are not lenders or borrowers of money within the meaning of section 5101 of the Compiled Statutes of Oklahoma, 1921, and that a suit by a merchant on a note, given by a purchaser for merchandise sold, did not come within the provision of the statute and that the statutory affidavit was not necessary. The section referred to by counsel is part of an act relating to lending of money and applies to the claims of persons only who are engaged in the business of loaning money and, as was said in the decision, supra, the act applies only where the relation of lender and borrower exists, and quotes with approval the case of Meaker v. Fiero, 145 N. Y. Court of Appeals, 165, the following language:

"The defense of usury must be founded on the loan or forbearance of money. If neither of these elements exist in the contract there is no usury, however unconscionable the contract may be"
—and quoting further from the opinion the following language:

"There was no borrowing or lending. There was no loan, and in the absence of a loan, in law or fact, there is no usury."

And based upon the opinion above referred to of this court, it is our opinion that this section of the statute does not apply to an action of this character, where a plaintiff is suing for a commission on the sale of goods and expense money.

On the fourth and last question raised by defendant, upon the question of the admission of incompetent evidence by the court, we do not think this assignment of error is properly submitted to this court under the rules of this court, in that the brief does not set out the whole of the testimony complained of. We have, however, examined the testimony, and it is our opinion that no reversible error was committed by the trial court in the admission of said testimony.

Upon an examination of the whole record in the instant case, it is our opinion that the trial court did not commit any reversible error, and the decision of the lower court is therefore affirmed.

By the Court: It is so ordered.