## NATIONAL NOVELTY IMPORT CO. v. MUNCY.

No. 11302—Opinion Filed Oct. 16, 1923.

1. **Usury — Action on Contracts — Applicability of Statute.**
Section 4 of chapter 20, Sess. Laws 1916, (5101, Comp. Stat. 1921), applies only to contracts for the loan of money.

2. **Same — Erroneous Dismissal of Petition.**
Held, that the trial court erred in dismissing plaintiff's action on the ground that there was not filed with the plaintiff's petition an affidavit that the contract sued upon, which was a contract for the sale of merchandise, was not made in violation of the interest laws of this state, and that a greater rate of interest than 10 per cent. had not been charged, reserved, or collected on such contract.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, McClain County; B. F. Swank, Judge.

Action by the National Novelty Import Company against M. L. Muncy. Order dismissing action. Plaintiff brings error. Reversed and remanded, with instructions.

S. W. Turk, A. M. Beets, and Paul G. Darrough, for plaintiff in error.

E. E. Glasco and Roy Glasco, for defendant in error.

Opinion by JARMAN, C. This action was commenced in the district court of McClain county, by the National Novelty Import Company, as plaintiff, against M. L. Muncy, defendant. The cause was submitted to a jury and at the conclusion of the defendant's evidence, the plaintiff filed a demurrer thereto, and moved the court for an instructed verdict; the demurrer to the defendant's evidence was sustained by the court, and, under the instructions of the court, the jury returned a verdict in favor of the plaintiff for the sum of $299.91, the amount sued for. Within due time the defendant filed a motion for a new trial and among the grounds enumerated in said motion for a new trial, the defendant set up that this action was based upon contract for the principal sum of $296, and that the plaintiff commenced said action against the defendant without complying with section 4, chapter 20, Sess. Laws 1916, which provides that no suit upon any contract, after the passage and approval of said act, of $300 or less shall be maintained unless, at the time of filing such suit, there should be filed with the petition an affidavit setting forth that the contract sued on was not in violation of the interest laws of Oklahoma, and that a greater interest than 10 per cent. had not been charged, reserved, or collected on such contract; the defendant then recited in said motion that inasmuch as this action was based on a contract of less than $300 and a "nonusury affidavit" was not filed by the plaintiff, that the trial court had no jurisdiction, and asked that the verdict of the jury be set aside and said cause dismissed. Upon a hearing had on said motion, the trial court made an order setting aside the verdict, and dismissed the action, from which the plaintiff has appealed.

This suit is based upon a contract executed by the defendant for the purchase of merchandise, and the amount of the indebtedness evidenced by said contract is less than $300; the plaintiff did not file with its petition a "nonusury affidavit." The question is, Does said suit come within the purview of section 4, chapter 20, Sess. Laws 1916, supra. A careful examination of chapter 20, Sess. Laws 1916, supra, will disclose that the style of this chapter is, "Banks and Banking—Usury"; it will also be observed that the caption of the act refers to the "Lending of Money," the language being, "An act relating to the lending of money; amending section 1005 of the Revised Laws of Oklahoma, 1910, providing penalties for the violation

of the interest laws of the state. * * *" Section 1005, Rev. Laws 1910, that this act amends, is embraced in chapter 12, article 6 of 1910 Statutes, which is styled, "Loan of Money." Section 2 of chapter 20, Sess. Laws 1916, provides, "Any contract for the loan of money. * * *" And section 3 of said act provides, "Any person, firm or corporation, violating the provisions of this act, and the laws of this state, relating to the loaning of money. * * *" The caption of this act relates to "Loaning of Money"; the section of the 1910 statute that this act amends is a part of an act whose subject is, "Loaning of Money"; the subject-matter of this act, chapter 20, Sess. Laws 1916, deals with "Loaning of Money"; and we think that it clearly was the intention of the Legislature in enacting this law that it should pertain only to contracts involving the "loaning of money," and cannot pertain to contracts for the purchase of merchandise. We think that the opinion of Commissioner Jones in the case of Alder v. Chapman, 91 Okla. 196, 219 Pac. 90, wherein he held:

"Section 4, ch. 20, Sess. Laws 1916, being section 5101, c. 32, art. 6, page 1976, Comp. Stat. 1921, relates to contracts for the loan of money and particularly to the banking business, and does not apply to contracts of sale, barter, and exchange, nor to contracts for service or hire"

—is the proper construction of this act.

The trial court, therefore, was in error when it dismissed said action because a "nonusury affidavit" had not been filed by the plaintiff with its petition when it commenced this action.

The journal entry of the order made by the trial court with reference to the disposition of the motion for a new trial, and the motion to dismiss said action recites:

"* * * And the court further sustains the defendant's motion to set aside the judgment, but refuses to grant a new trial, and dismiss the case at the cost of the plaintiff. * * *"

The trial court, therefore, denied the defendant's motion for a new trial, and this action is reversed with instructions to vacate the order dismissing said cause and to render judgment in favor of the plaintiff and against the defendant for the sum of $299.91, the amount of the verdict returned by the jury in said cause.

By the Court: It is so ordered.