### SIMMONS v. McLENNAN.

No. 14855—Opinion Filed Feb. 19, 1924.

(Syllabus.)

1. **Usury—Statute Requiring Nonusury Affidavit of Plaintiff.**
Under section 5101, Comp. Okla. Stat. 1921, no suit upon any contract of $300 or less shall be maintained, unless at the time of filing such suit, there shall be filed an affidavit setting forth that the contract sued on was not made in violation of the interest laws of this state.

2. **Same—Application of Statute—Loans.**
Section 5101, Comp. Stat. 1921, applies only to contracts founded on the loan of money; that is, where the relation of lender and borrower of money exists.

3. **Same—Validity of Judgment—Erroneous Injunction Against Judgment.**
Where the defendant in an action, wherein a judgment is rendered against him before a justice of the peace, and an abstract thereof is filed in the district court, seeks to enjoin the enforcement and collection of the same, because the plaintiff failed to file an affidavit as provided for in section 5101, Comp. Stat. 1921, the burden is on him to establish that said cause is one coming within the terms of said section, and where he fails so to do, it will be presumed that no such affidavit was required and that the proceedings before the justice were regular, and it is reversible error for the district court to restrain and enjoin the enforcement of said judgment.

Error from District Court, Carter County; Asa E. Walden, Judge.

Garnishment proceedings in aid of execution by O. A. Simmons against L. McLennan and J. R. Taliaferro. Judgment for defendant and garnishee. Plaintiff brings error. Reversed and remanded.

Slough & Gibson, for plaintiff in error.

Eddleman & Sneed, for defendant in error.

MASON, J. The plaintiff in error, O. A. Simmons, as plaintiff, obtained a judgment against the defendant in error, L. McLennan, before Hal M. Cannon, justice of the peace, Ardmore district, Carter county, Okla., on the first day of September, 1922, in the sum of $150 and interest, attorneys' fees, and cost, aggregating the sum of $170.

On October 18, 1922, plaintiff filed an abstract of said judgment in the district court of Carter county, Okla. Thereafter, the plaintiff had an order of garnishment issued against J. R. Taliaferro as garnishee, whereupon the garnishee answered, after which the plaintiff filed a motion for judgment against the garnishee. The defendant and garnishee then filed their answer and cross-petition, in which they denied that the plaintiff Simmons was a judgment creditor of the defendant. They also alleged that said suit was for a sum less than $300, and that no affidavit as provided for by section 5101, Comp. Stat. 1921, was ever filed, and that the justice of the peace was without jurisdiction to render said judgment, and that said judgment and the abstract thereof filed in the district court were both void.

When the cause came on to be heard, the plaintiff admitted that no affidavit had been filed with said justice of the peace before the issuance of summons in said cause, and thereupon the court rendered judgment restraining the enforcement or collection of

said judgment, from which the plaintiff has duly perfected this appeal.

The trial court evidently proceeded on the theory that all judgments rendered in matters of contract for sums less than $300 were void unless, before the issuance of summons, an affidavit was filed under the provisions of section 5101, Comp. Stat. 1921, which provides as follows:

"No suit upon any contract entered into after the passage and approval of this act, of $300 or less, or an action in replevin or to foreclose any mortgage or lien given as security therefor, shall be maintained in courts of this state, and no petition or bill of particulars shall be filed or any process issued where the amount of such sum is $300 or less, unless at the time of filing such suit, there shall be filed with such bill of particulars or petition, an affidavit setting forth that the contract sued on was not made in violation of the interest laws of this state, and that a greater rate of interest than ten per cent. has not been charged, reserved or collected on such contract or contracts sued upon. * * *"

This court first had this section under consideration in the case of Clapp v. Smith, 91 Okla. 84, 216 Pac. 120, wherein Commissioner Pinkham, who rendered the opinion of the court, after quoting from the act, and discussing the reasons and objects of the same, uses the following language:

"It is sufficient to say that section 5101 of article 6, c. 32, Comp. St. Okla. 1921, applies only where the relation of lender and borrower of money exists, and has no application to a transaction where a purchaser of goods, wares, and merchandise gives his promissory note as evidence of the debt."

There is no allegation in the answer and cross-petition of the defendant and garnishee, nor does the record disclose, that the note which is the basis of the judgment in the instant case was executed for the loan of money. and, therefore, inasmuch as all presumptions should be in favor of the regularity of the proceedings of a justice of the peace, the trial court erred in rendering judgment restraining the plaintiff from collecting its judgment.

Therefore, the judgment of the trial court is reversed, and the case remanded for further proceedings not inconsistent with the views herein expressed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and COCHRAN, JJ., concur.