## BOARMAN v. HOME STATE BANK

No. 15305—Opinion Filed Sept. 15, 1925.

### Usury—Actions on Loans—Statutory Non-usury Affidavit.

Section 5101, Comp. St. 1921, requiring the plaintiff in an action on a contract, or for the recovery of mcney loaned, to file an affidavit under said section that he has not violated the usury laws of the state, nor charged a greater rate of interest than ten per cent., is jurisdictional, and upon failure to file such affidavit said action should be dismissed.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Pottawatomie County; W. S. Pendleton, Judge.

Action by Home State Bank of Tecumseh, Okla., against C. Boarman, L. L. Surber, Mrs. Harry Strickland, and T. M. Strickland on three promissory notes. Judgment for plaintiff, and defendant Boarman appeals. Reversed.

Clarence Bobison, for plaintiff in error.

T. G. Cutlip, for defendant in error.

Opinion by MAXEY, C. This was an action on three promissory notes set out in the petition in three counts. The first count is for a note for $150; the second count is on a note for $199.25, and the third count is on a note for $10. The notes set out in the first and third counts were settled after suit was brought, and before the trial, and the note for $199.25, set out in the second count, is the one involved in this appeal.

The plaintiff in error rests his case upon the following errors of the trial court: (1) That the court erred in overruling the motion of the plaintiff in error for a new trial, for the reason stated in motion for new trial. (2) That the court erred in excluding material evidence of the plaintiff in error offered in the trial of said cause. (3) That the court erred in overruling the motion to dismiss said cause on jurisdictional grounds. The 4th and 5th assignments are covered by the other three, and it is unnecessary to quote them.

The plaintiff in error discusses his assignments of error under two heads. (1) Error of court in excluding material evidence offered by plaintiff in error. (Here the evidence offered is set out in totidem verbis.) The second proposition is, that the court erred in overruling plaintiff in error's motion to dismiss said cause for lack of jurisdiction, said motion being based upon section 5101, Comp. St. 1921.

We will discuss the second proposition first, which raises the question of the jurisdiction of the court, because plaintiff failed to file the nonusury affidavit as required by section 5101, Comp. St. 1921. This section in brief requires the plaintiff in suits upon contracts, or an action in replevin, or to foreclose any mortgage lien as security

therefor, to file, with his petition or bill of particulars, an affidavit setting forth that the contract sued on was not made in violation of the interest laws of this state, and that a greater rate of interest than ten per cent. has not been charged, reserved or collected on such contract or contracts sued upon. The bank, plaintiff below, evidently went upon the theory that the aggregate of the three notes sued on exceeded $300, and therefore the affidavit required by said section was unnecessary. Each of said notes was for borrowed money from the plaintiff bank, and each being a distinct cause of action, comes within the purview of said section 5101. Just whether a separate affidavit would have to be filed with each cause of action, we deem it unnecessary to pass on, as two of the causes of action were eliminated before the trial, and only the note for $199.25 was involved at the time of the trial. That is, the promissory note given by the defendants to the bank for, money borrowed from the bank, and we are inclined to hold that the nonusury affidavit was necessary to entitle plaintiff to maintain its action on said note.

This court in the case of Alder v. Chapman, 91 Okla. 196, 219 Pac. 90, had this question before it and discussed the above statute (see, also, National Novelty Import Co. v. Muncy, 93 Okla. 5, 219 Pac. 669, and Columbia Carbon & Ribbon Company v. White, 91 Okla. 218, 217 Pac. 420), where the question involved in this case was passed on and the above section construed, and then in the case of Rennie v. Oklahoma Farm Mortgage Co., 99 Okla. 217, 226 Pac. 314, the court held that section 5101 is jurisdictional, and that the filing of the nonusury affidavit at the time the petition is filed was necessary to enable plaintiff to maintain his suit.

It is insisted that, inasmuch as the defendant did not raise the question of jurisdiction on account of the failure to file the nonusury affidavit until after the trial in the lower court, he is estopped from raising it in this court. Ordinarily that position would be well taken, if this court had not construed the section cited to be jurisdictional. It is too well settled to require the citation of authorities that a question of jurisdiction can be raised at any time and may even be raised by the court itself on appeal. So that the contention is unsound and we are compelled to hold that the failure to file a nonusury affidavit in this case is fatal to plaintiff's cause of action as brought. This being so, it is unnecessary to discuss the other errors assigned, as the case must be reversed and remanded to the trial court, with directions to dismiss said action for the want of jurisdiction, and we so recommend.

By the Court: It is so ordered.

Note.—See under (1) 30 Cyc. p. 1170 (Anno).