## DAVIS v. ROTHENBERG et al.

No. 16660—Opinion Filed May 11, 1926.

Rehearing Denied March 8, 1927.

**1. Bills and Notes—Defense of Unauthorized Signature.**

Where a husband executed promissory note and also subscribed his wife's name to the note without authority. section 7693, C. O. S. 1921, is not applicable in his behalf in an action on the notes signed by him.

**2. Pawnbrokers and Money Lenders—Notes Given for Merchandise Not Subject to Usury.**

Where a purchaser of merchandise gives his promissory note as evidence of the debt, the defense of usury is not competent in a suit on the note, since such transaction does not involve the relation of lender and borrower of money.

**3. Partnership—Allegation of Partnership—Presumption and Burden of Proof on Defense of Fictitious Partnership.**

Where defendant pleads that plaintiffs were doing business in a fictitious name as a partnership and are not entitled to maintain the action for failure to comply with the statute relating to such partnerships, the burden is on defendant to prove such noncompliance, since the allegation that plaintiffs constitute a partnership is followed by the presumption that they have complied with the law, and because it is a general rule that one who pleads an affirmative defense must prove same.

**4. Disposition of Cause.**

Taking as true all evidence of defendant, with reasonable inferences therefrom, the record shows plaintiffs were entitled to judgment.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Alexander Rothenberg et al. against G. E. Davis. From judgment for plaintiffs, defendant appeals. Affirmed.

Geo. A. Fitzsimmons, for plaintiff in error.

Pierce, McClelland & Kneeland, for defendants in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Rothenberg, Ehrlich and Berlinger, copartners doing business as Rothenberg & Schloss, had judgment against Davis for $200 and interest on three promissory notes signed by Davis and his wife, showing that the signature of his wife was executed by him; such judgment being rendered on an instructed verdict on motion of plaintiffs at the conclusion of the evidence on trial de novo in the district court. Defendant appeals. The judgment was for the wife of Davis on the showing that Davis had no authority to subscribe her name to the notes.

1. Section 7693, C. O. S. 1921, provides, among other things, that where a signature is made without authority of person whose signature it appears to be, it is wholly inoperative and no right to enforce payment can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the want of authority. On the face of the notes, it is shown that the wife's signature was subscribed by Davis. He so testified, and it is conceded he had no authority so to do. Said statute is not applicable in behalf of Davis, who did sign the notes.

2. In the justice court, plaintiffs duly filed their affidavit that the notes sued upon were not made in violation of the interest laws under section 5101. Id. This was unnecessary since said statute has no application to a transaction where a purchaser of goods and merchandise gives his note as evidence of debt. The notes sued upon were given by Davis for an alleged balance due for merchandise. Clapp et al. v. Smith, 91 Okla. 84, 216 Pac. 120. Likewise, the error assigned that there was usury in the notes is incompetent because the defense of usury must be founded on a loan or forbearance of money. There was no borrowing and no lending in this transaction, and therefore could be no usury. National Novelty Import. Co. v. Muncy, 93 Okla. 5, 219 Pac. 669.

3. Defendant pleaded that plaintiffs were a fictitious partnership and not entitled to maintain this suit. He offered no proof thereof. It is a general rule that one who pleads an affirmative defense must prove same. Defendant did not deny, under section 287, Id., the existence of the partnership of plaintiffs. He, in effect, admitted by his verified answer, the existence of the partnership, alleging that the same was fictitious. We take it his contention was that plaintiffs had not complied with the statutes of this state requiring partners, where a fictitious name is used, to file and publish a certain certificate stating the names of the members. The law never presumes that acts, which upon their face bear no evidence of

illegality or contravention of public policy or morality, are invalid, but rather the presumption to the contrary prevails. The presumption is that plaintiffs had complied with said statute, if necessary, and in the absence of any evidence on the part of the defendant, there is no error in this behalf.

4. It is undisputed that plaintiffs' agent called upon defendant to settle his account and procured the notes of defendant, aggregating $299.82, in settlement, three of which notes are the basis of this suit, plaintiffs waiving all amounts above $200, in order to invoke the jurisdiction of the justice of the peace. Plaintiffs produced invoices signed by the defendant aggregating the balance claimed by them. Their agent testified positively to such balance, and that defendant admitted same at the time he gave said notes. Defendant testified that he owed $119 to plaintiffs, but did not deny the signed invoices so shown by plaintiffs. His books of account were lost and he had no way of verifying his statement of the amount, even from his memory, except that he produced a letter from plaintiffs showing that they had drawn a sight draft upon him for $54.96. leaving a balance of $60 due, thus showing a total indebtedness claimed by plaintiffs at that time of $114.96. He admitted this was prior to settlement with plaintiffs in which he gave his notes for $299.82. Defendant did not contravene the testimony of plaintiffs' agent that such letter was old and was written before other goods were shipped to defendant. In this state of case, we do not see how, if the cause had been submitted to the jury and a verdict rendered for only the amount admitted by defendant, such verdict could have been permitted to stand. Taking the evidence of defendant as true, including reasonable inferences therefrom, he cannot escape judgment, as matter of law, for the amount thus positively shown by the testimony to be due plaintiffs. It follows that there was no error in directing such verdict and rendering judgment thereon. The foregoing covers all assignments of error presented. Let the judgment be affirmed.

Proper application having been made in this court for judgment against the sureties on the supersedeas bond herein, it is ordered and adjudged that the plaintiffs do have and recover of and from W. G. Webb and H. C. Black, sureties on the supersedeas bond herein, the sum of $200, with interest at ten per cent. thereon from February 16, 1925, and costs, for all of which let execution issue.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 763 §1028. (2) 39 Cyc. p. 926, anno. 21 A. L. R. 799; 24 A. L. R. 858; 27 R. C. L. pp. 213, 214; 4 R. C. L. Supp. p. 1475; 5 R. C. L. Supp. p. 1468. (3) 22 C. J. p. 73 §16. 30 Cyc. p. 589 (Anno). (4) 4 C. J. p. 902 §2872.