## PIERCE v. C. I. T. CORPORATION.

No. 23703.     Jan. 8, 1935.

Rehearing Denied Feb. 12, 1935.

Application for Leave to File Second Petition for Rehearing Denied Feb. 26, 1935.

634

Ledbetter, Stuart, Bell & Ledbetter, for plaintiff in error.

Pierce, McClelland, Kneeland & Bailey, for defendant in error.

PER CURIAM. The C. I. T. Corporation, defendant in error, was plaintiff below and Floyd J. Pierce, plaintiff in error, was defendant below. One E. L. Long purchased a Stutz car from the Western Motor Company for the price of $4,888.08, of which $1,500 was paid down by taking a used car, and $2,998.08 was evidenced by conditional sales contract in writing. This contract was sold to C. I. T. Corporation. About a year later Floyd J. Pierce purchased the automobile in question from E. L. Long, and as a part of the consideration for his purchase assumed and agreed to pay a stated balance of $1,499.04 due on Long's purchase contract. Pierce's contract with Long was in writing and was assented to by the C. I. T. Corporation. Pierce defaulted in his payments to the C. I. T. Corporation, it brought suit, and Pierce pleaded usury. These facts were established in the trial of the case and, objection was made to the offer of any proof of usury by the defendant on the ground that the transaction was one involving the purchase of an automobile and not a loan of money, and upon the further ground that

Pierce had assumed the original contract as a part of the purchase price and agreed to pay the same, and upon the ground that usury is a personal defense which is not subject to be assigned or available to anyone except a party to the original transaction. The trial court sustained this objection and the defendant, Pierce, was permitted, out of the hearing of the jury, to offer for record purposes testimony to support his plea of usury. After testimony was offered by him, it was, upon motion, stricken by the court for the reason that it did not tend to establish a defense. The court instructed the jury that plaintiff should have a judgment for the possession of the car, and that the sole question for the consideration of the jury was the value of the car. The jury returned a verdict fixing the value of the car at $1,100, and judgment was entered by the court accordingly, from which judgment this appeal has been taken.

The evidence supports the finding of the jury as to the value of the car. Pierce complains of numerous rulings of the court as to the rejection and admission of evidence, the greater portion of which evidence was offered in an attempt to prove usury. Under the state of the record, we think that the court should have excluded such testimony. He further complains of the admission of testimony of one of the witnesses on the ground that the witness was not qualified to testify as to the value of the car. The witness referred to testified that he had owned the car, and testified in some detail as to the condition of the car as of the date on which he fixed the value. Pierce, during the progress of the trial, asked permission to file an addition to amended answer and cross-petition, alleging that C. I. T. Corporation had stated that the carrying charges had been taken off of the obligation executed by E. L. Long, and that the same was fraudulently made for the purpose of deceiving Pierce, and that the representation was a material inducement to the execution of the agreement between Pierce, E. L. Long, and the C. I. T. Corporation.

Pierce requested many instructions, none of which were given, and because of the view, that we take in this case we do not think it necessary to discuss these requested instructions in detail. They were requested upon the theory that usury was an issue in the case, when as a matter of fact there was no basis for a contention upon his part that there was usury or that he was entitled to take advantage of the plea of usury.

The Western Motor Company owned an automobile. It wanted to sell the automobile and Long wanted to purchase it. These parties agreed upon a purchase price. The transaction was a sale of merchandise. The owner of the automobile had a right to sell it and Long had a right to purchase it. They had a right to agree upon a price. Having agreed upon the price and consummated the sale, it was a closed transaction, of which neither they nor anyone else have a right to complain. The price may have been too low or too high, but that makes no difference. The question of usury does not enter into the transaction. In support of this conclusion are cases of Clapp et al. v. Smith, 91 Okla. 84, 216 P. 120; National Novelty Import. Co. v. Muncy, 93 Okla. 5, 219 P. 669; Alder v. Chapman, 91 Okla. 196, 219 P. 90; Davis v. Rothenberg et al., 124 Okla. 74, 254 P. 37; Livengood et al. v. Ball et al., 63 Okla. 90, 162 P. 766, Commercial Credit Co. v. Tarwater (Ala.) 110 South. 39, 48 A. L. R. 1437.

To prove usury in a transaction, the evidence must be clear and cogent. Usury is never presumed. A party in pleading usury assumes the burden of proving that there was a loan of money, and that the contract for a loan was for a greater than the legal rate of interest. The plea of usury is personal. The following cases bear upon this question: Davis v. General Motors Accept. Corp., 153 Ark. 626, 241 S. W. 44; Coast Finance Corp. v. Powers Furniture Co., 105 Ore. 339, 209 P. 614; Martin v. McAvoy, 130 Wash. 641, 228 P. 694; 39 Cyc. 931; 27 R. C. L. 214, sec. 15; 39 Cyc. 933; 39 Cyc. 918; 19 Cyc. 926; First National Bank v. Phares, 70 Okla. 255, 174 P. 519; General Motors Acceptance Corp. v. Mid-West Chevrolet Co., 66 F. (2d) 1; Forman v. Needles et al., 78 Okla. 105, 188 P. 1087.

An action for usury is not assignable. A person not a party to a contract alleged to involve usury is not permitted to speculate on the chances of recovery in an action for alleged usury. He who, as a part of the purchase price of property, assumes a debt and agrees to pay it is estopped from pleading usury in the original transaction. These are but statements of fundamental law. We know of no authority holding to the contrary. The decisions of Oklahoma and other states are very clear and explicit upon these questions. Stockyards State Bank v. Johnston, 52 Okla. 32, 152 P. 585; First State Bank of Pond Creek et al. v. Bank of Jefferson, 112 Okla. 177, 240 P. 311; Caldwell v.

Commercial Bank of Waynoka, 80 Okla. 118, 194 P. 899; Midland Savings & Loan Co. v. Sheil et al., 57 Okla. 338, 157 P. 80; Farmers State Bank v. Midland Savings & Loan Co., 76 Okla. 245, 185 P. 94; Lee v. Stiger, 30 N. J. Eq. 610; Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39; 48 A. L. R. 1437, and annotations; 27 R. C. L. 214; 27 R. C. L. 91; B. A. Stuckey v. Middle States Loan Building & Construction Co. (W. Va.) 8 L. R. A. (N. S.) 815; Norton v. Commerce Trust Co., 71 F. (2d) 136.

Pierce's last request to amend his pleading came during the trial and after he had filed other amendments. It did not have the effect of adding anything as a matter of law to the pleadings already filed by him, and we do not believe the court abused his discretion in refusing to permit this amendment. As to the powers of the court in these matters, attention is called to the case of Mitchell v. Hines, 101 Okla. 38, 223 P. 182, where the rule is stated as follows:

"Amendments to pleadings are largely within the discretion of the trial court. To authorize a reversal of a judgment because an amendment was not allowed, it must appear that there was an abuse of judicial discretion."

To the same effect is the case of Beaty v. Armstrong, 95 Okla. 109, 218 P. 516; Walters v. Tulsa Rig, Reel & Manufacturing Co., 113 Okla. 293, 241 P. 1095; Reynolds v. Schmidt et al., 118 Okla. 161, 247 P. 110.

The witness Long was permitted over objections to testify as to the value of the automobile. His qualification to testify was based upon the fact that he originally owned the car and knew its condition. He placed the value of the car at $1,500, and the jury found that it was worth $1,100. There was competent evidence to abundantly support the verdict of the jury, and other evidence that it was worth considerably less than the value found by the jury. It would have been better practice to have sustained objections to this evidence, but we do not believe that its admission constitutes reversible error. In the case of Allen v. Oklahoma State Bank of Enid, 133 Okla. 14, 270 P. 838, the Oklahoma Supreme Court states the rule as follows:

"A case will not be reversed for error in the admission or rejection of evidence unless it appears upon an examination of the entire record that such error had resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

Other decisions supporting this rule are

Maupin v. Binnion, 100 Okla. 32, 227 P. 390; Clover v. Neely, 116 Okla. 155, 243 P. 758.

We find no reversible error in the record. It is our conclusion that the judgment of the trial court should be and is hereby affirmed.

The Supreme Court acknowledges the aid of Attorneys Roscoe C. Arrington, Charles E. Dierker, and G. C. Abernathy in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Arrington and approved by Mr. Dierker and Mr. Abernathy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.