**HURST et al. v. ADAMS et al.**

No. 26688.   Jan. 26, 1937.

Rehearing Denied March 2, 1937.

Erwin & Erwin and Embry & Embry, for plaintiffs in error.

Walter G. Wilson, for defendant in error Lucy Adams.

PER CURIAM. This action was commenced by Lucy Adams, as plaintiff, against Mrs. W. M. Hurst, H. F. Hurst, the Union National Bank, a corporation, of Chandler, and J. W. Cherry, to recover upon a certain promissory note of $2,000, plus interest and attorney fees, and to foreclose a real estate mortgage covering property situate in Lincoln county, Okla. The parties will be referred to as they appeared in the lower court. It appears from the pleadings that the defendants Mrs. W. M. Hurst and H. F. Hurst were the makers of the note and mortgage, and that the defendants Union National Bank, a corporation, of Chandler, and J. W. Cherry were joined in the action because they appeared to claim some right, title, or interest in the property involved. The defendant Cherry, although served with summons, made default. The Union National Bank filed an answer and cross-petition asking for a money judgment on a certain promissory note in the sum of $270, interest and attorney fees, and foreclosure of a second mortgage on the same property. The defendants Hurst filed an answer to plaintiff's petition, and the case was tried on the issues thus joined. The trial resulted in money judgments in favor of the plaintiff, Lucy Adams, and the cross-petitioner, the Union National Bank, and a judgment foreclosing both mortgages upon said property. The judgment of the trial court in the case ordered that the proceeds arising from the sale of said property be applied as follows:

"(1) In payment of the costs of this action and of such sale, including $200 attorney's fee for plaintiff's attorney; and taxes on said lands and tenements.

"(2) In payment to Lucy Adams, the amount of plaintiff's judgment as hereinabove set forth.

"(3) In payment to the defendant, the Union National Bank, a corporation of Chandler, Lincoln county, Okla., the amount of said defendant's judgment as hereinabove set forth.

"(4) That the residue, if any, be paid over to the court clerk of Lincoln county, Okla., to be disposed of according to the further orders of this court."

The journal entry of judgment signed by the court and filed in the cause shows that defendants were present by counsel at the time of the rendition of the judgment, and that no exception was taken. The property was sold at sheriff's sale, after the expiration of six months from the date of said judgment, and motion to confirm sale filed. After the sale, but on the same day, the defendants Hurst filed objection to confirmation of sale, and suggested to the court

that Mrs. W. M. Hurst, in whose name the land involved was held, had availed herself of the benefit of the Act of Congress known as the Frazier-Lemke Amendment to the Bankruptcy Act, and thereafter all proceedings in the district court of Lincoln county, Okla., with reference to this case, were stayed. On the 27th day of May, 1935, the Supreme Court of the United States, in the case of Louisville Joint Stock Land Bank v. Radford, 55 S. Ct. 854, declared the Frazier-Lemke Act unconstitutional. Thereafter, on June 14, 1935, the defendants Hurst filed a petition to vacate judgment and sheriff's sale, and issued summons thereon. On June 26, 1935, an order confirming the sheriff's sale was entered by the trial court. Thereafter, both the plaintiff, Lucy Adams, and the defendant the Union National Bank filed demurrers to said petition to vacate judgment. On July 10, 1935, the court sustained demurrers to said petition, from which order of the court in sustaining said demurrers, the defendants Hurst appeal to this court.

The defendants Hurst urge several assignments of error which cannot be considered under the record filed in this appeal. Although the defendants appealed by case-made, the record in this case contains only the pleadings filed and the orders made by the trial court. No evidence is contained in the record. Therefore, in deciding the issues before the court, we are confined to that which appears in the record, and the numerous assignments of error made by defendants, to the effect that the decision and judgment of the court is not sustained by the evidence, cannot be considered.

The principal assignment of error, and the assignment of error which we shall consider, is the contention of defendants that the trial court erred in sustaining the demurrers of the plaintiff, Lucy Adams, and the defendant the Union National Bank to their petition to vacate the judgment and sheriff's sale. The petition, for grounds of vacation, states, first, that the judgment is void because the cross-petition of the defendant bank did not have attached thereto a nonusury affidavit with reference to the note and mortgage therein mentioned; second, that the judgment was void because it required that taxes on the land involved be paid from the proceeds of the sale; third, that the plaintiff was not entitled to certain rates of interest granted her by said judgment; and, fourth, that the notice of sale did not conform to the judgment.

In reviewing the action of the trial court

in sustaining said demurrers, each of the foregoing grounds will be considered separately.

While it is true that the cross-petition of the Union National Bank did not have attached to it a nonusury affidavit with reference to the note of less than $300 therein sued upon, yet it is also true that the record does not disclose that the suit came within section 9522, C. O. S. 1931, requiring that such affidavit be filed. This court held that the foregoing section of the statute does not apply to contracts of sale, barter, and exchange, nor to contracts for service or hire. Alder v. Chapman, 91 Okla. 196, 219 P. 90. It applies only to contracts for the loan of money. National Novelty Import Co. v. Muncy, 93 Okla. 5, 219 P. 669. The record being silent as to the nature of the contract sued upon, this court will not presume that the contract was one for the loan of money. Inasmuch as defendants contend that the lack of the nonusury affidavit renders the judgment void, the burden is upon them to show that the nature of the suit or action brings it within the purview of section 9522, supra (Simmons v. McLennan, 101 Okla. 98, 223 P. 677) ; this the defendants have wholly failed to do.

Defendants next contend that the judgment is void and contrary to law because it requires that payment of taxes be made from the proceeds of the sale. This objection is not well taken for the reason that, as has been held by this court, taxes due the state are a paramount lien upon property and it is the duty of a court of equity in foreclosure suits to order delinquent taxes to be paid when its attention has been called thereto. In Interstate Mortgage Trust Co. v. Cunningham, 78 Okla. 62, 188 P. 1081, this court said:

"Upon motion of plaintiff, or when the court's attention is called to the fact that taxes are due upon property that is being foreclosed, the court should in its decree direct that after deduction of cost of sale the first proceeds of the sale be applied to the payment of taxes that may be due upon the property being foreclosed. * * *

"Taxes are a paramount lien upon property and courts of equity in foreclosing a mortgage have full power to ascertain the liens upon the property and their priority. The life of government is sustained by the payment of taxes, and it is the duty of a court of equity to order taxes delinquent to be paid when its attention has been called thereto." (Page 64, 78 Okla.)

The court has examined the authorities cited by defendants in their brief, and finds

them inapplicable to the facts in the case at bar.

The contention that the judgment should be vacated because plaintiff was not entitled to certain interest granted her therein is without merit for the reason that the record shows the defendants, although present at the time of the rendition of the judgment, took no exception to the decree and judgment of the court, and filed no motion for new trial thereafter.

As ground for the vacation of sheriff's sale in this cause, the defendants contend that the notice of sale did not conform to the judgment rendered by the court. These instruments have been examined, and it is found that the defendants' contention is without merit.

After a careful analysis of the defendants' petition to vacate judgment and sheriff's sale in this cause, the court is of the opinion that it failed to state sufficient grounds for the setting aside of the judgment and sheriff's sale, and that the trial court did not err in sustaining the demurrers thereto.

Affirmed.

The Supreme Court acknowledges the aid of Attorneys Mrs. Norma F. Wheaton, Hughey Baker, and Joe B. Houston in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mrs. Wheaton and approved by Mr. Baker and Mr. Houston, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, GIBSON, and HURST, JJ., concur.