REES v. BROWN.

*100 P. 2d 442.*

No. 29209.   March 19, 1940.

Robt. R. Rittenhouse, of Oklahoma City, for plaintiff in error.

Squyres & Gay, of Oklahoma City, for defendant in error.

PER CURIAM. This action upon a demand note was commenced in a justice of the peace court of Oklahoma county by Cecil Brown, as plaintiff, against W. E. Rees, as defendant. The plaintiff had judgment in the justice court, and the defendant appealed the cause to the court of common pleas, where a trial de novo to a jury was had. The jury returned a verdict in favor of the plaintiff and fixed his recovery at the face amount of the note. Judgment followed the verdict, and the defendant has prosecuted this appeal from the judgment so rendered and the order which overruled his motion for new trial. We will continue to refer to the parties as they appeared in the trial court.

The defendant presents a single contention, which is that the judgment so rendered is void. In support of the contention so made, the defendant urges that, since the note was for less than $300 and the plaintiff failed to file a nonusury affidavit with his bill of particulars, consequently the justice of peace court originally and the court of common pleas on appeal never acquired jurisdiction to render any judgment in the cause. Defendant cites and relies upon section 9522, O. S. 1931, 15 Okla. St. Ann. § 271, and the case of Boarman v. Home State Bank, 111 Okla. 285, 239 P. 579, to sustain him in this position. If the action was one for a loan of money, the contention would be well taken. However, the case-made which the defendant presents here with his petition in error fails to show that the note was one for the loan of money, and consequently that it came within the purview of the section of the statute cited, supra, which requires the filing of such affidavit. Such being the

case, the applicable rule is to be found in Hurst v. Adams, 179 Okla. 270, 65 P. 2d 461, where it was pointed out:

"The foregoing section of the statute does not apply to contracts of sale, barter, and exchange, nor to contracts for service or hire. Alder v. Chapman, 91 Okla. 196, 219 P. 90. It applies only to contracts for the loan of money. National Novelty Import Co. v. Muncy, 93 Okla. 5, 219 P. 669. The record being silent as to the nature of the contract sued upon, this court will not presume that the contract was one for the loan of money. Inasmuch as defendants contend that the lack of the nonusury affidavit renders the judgment void, the burden is upon them to show that the nature of the suit or action brings it within the purview of section 9522, supra (Simmons v. McLennan, 101 Okla. 98, 223 P. 677); this the defendants have wholly failed to do."

The defendant had the burden of showing that the contract was one which involved a loan of money in order to invoke the rule which he seeks. He failed to sustain this burden, and under the record we will not presume that a loan of money was involved. This being the situation, no error is presented.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, and HURST, JJ., concur.