## KAHAN v. SCHONWALD.

No. 30865. March 23, 1943.

*135 P. 2d 971.*

G. C. Spillers and G. C. Spillers, Jr., both of Tulsa, for plaintiff in error.

V. J. Bodovitz, of Oklahoma City, for defendant in error.

PER CURIAM. This action was instituted by the defendant in error, hereinafter referred to as plaintiff, against plaintiff in error, hereinafter referred to as defendant, to recover a balance alleged to be due on a 90-day note executed by the defendant to the plaintiff for services rendered as a surety and on which note $250 had been paid.

The defendant admitted the execution of the note and the payment thereon, but pleaded failure of consideration and an oral agreement on the part of the plaintiff to accept the payment made in full satisfaction of the note as defenses to the action. The cause stood at issue from February 18, 1938, without anything being done therein until May 21, 1941, when the parties waived a jury and the cause was placed upon the non-jury docket. The cause came on for trial on September 8, 1941, at which time the defendant asked leave to amend his answer so as to plead usury as a further defense to the action. This request was denied. Trial was thereupon had to the court and resulted in a judgment in favor of the plaintiff, and the defendant appeals.

As grounds for reversal defendant urges that the action should have been dismissed for failure of plaintiff to comply with the requirements of the Intangible Tax Law (68 O. S. 1941 § 1501 et seq.), and that it was error to deny defendant's application for leave to amend his answer so as to plead usury as a further defense.

The action was instituted on November 19, 1937, and the issues were drawn on February 18, 1938. The Intangible Tax Law, supra, was enacted in 1939, and affected only persons and property subject to its provisions in 1940 and subsequent years. See Shidler v. Ross, 189 Okla. 65, 113 P. 2d 603. When the action was instituted and the issues were made up, the requirements of the Intangible Tax Law, supra, did not exist and could not have been anticipated. Under the evidence introduced plaintiff was shown to have been a resident of the State of Florida when the Intangible Tax Law was enacted, and when the same became effective, and was a resi-

dent of said state continuously thereafter and at the time of the trial of the instant action. Grieves v. State ex rel. County Attorney, 168 Okla. 642, 35 P. 2d 454.

The evidence further shows on removal of the plaintiff to the State of Florida the note was left with his attorney for the purpose of collection and the remission of the proceeds and for no other purpose. It is the general rule that notes left merely for collection and remission of proceeds do not by reason thereof acquire a taxable situs in the state in which they are located for such purpose. Crane Co. v. City Council of the City of Des Moines, 208 Iowa, 164, 225 N. W. 344, 76 A. L. R. 801, and notes under the A. L. R. citation at page 813. By 68 O. S. 1941 § 1504, it is provided in part as follows:

"All intangible personal property, as defined in section 1, shall be deemed to have a taxable situs in this state where such property is owned by:

"(a) An individual resident of this state, or by a corporation, association, common law trust or business trust organized or existing under the laws of this state, or is held by or subject to the control of any court clerk of any court in this state, or is under the control or management of any executor, administrator, trustee, or other fiduciary residing in or exercising control or management over such property from within this state. But such intangible personal property shall not be subjected to the tax levied under this act if such property has acquired a business and taxable situs in some other state.

"(b) A nonresident individual, firm, association, executor, administrator, trustee or other fiduciary, foreign corporation, or other business organization, where such property has acquired a business situs in Oklahoma."

It will be noted from the above-quoted statute that intangible personal property of a nonresident is to be deemed to have a taxable situs in the state only when it has acquired a business situs therein. The evidence in the case at bar was such that the court could properly infer therefrom that the note involved had never acquired a business situs within this jurisdiction, and that therefore the Intangible Tax Law, supra, had no application in premises. The contention of the defendant to the contrary cannot be sustained.

. The contention that it was error to deny defendant leave to amend his answer so as to plead usury in the transaction is wholly untenable. The evidence shows that the note involved had been given in consideration of the services of the plaintiff in going surety on a note for $10,000 which defendant had executed to the First National Bank of Guthrie to obtain a loan of money from such institution, and that as between the plaintiff and the defendant the relation of borrower and lender was non-existent. Usury can be pleaded only where the relation of borrower and lender exists between the parties. See National Novelty Import Co. v. Muncy, 93 Okla. 5, 219 P. 669; Simmons v. McLennan, 101 Okla. 98, 223 P. 677. In contracts of sale, barter, or exchange or for services or hire, the element of usury cannot exist. Alder v. Chapman, 91 Okla. 196, 219 P. 90. That the note in suit was given solely for the services rendered by plaintiff as surety appears beyond peradventure of a doubt when the definition of a surety is considered. 15 O. S. 1941 § 371 defines a surety as follows:

"A surety is one who, at the request of another, and for the purpose of securing to him a benefit, becomes responsible for the performance by the latter of some act in favor of a third person, or hypothecates property as security therefor."

Under the pleadings and the evidence the trial court proceeded properly when it denied leave to amend the answer so as to plead usury in the transaction. No reversible error is presented.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., absent.