2010 OK CIV APP 109

**Sharon PHELPS, Plaintiff/Appellee,**

v.

**Auston CLARK, individually, and d/b/a Clarks at Your Service, L.L.C., Defendants/Appellants.**

**No. 107,421.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 17, 2010.

Clell I. Cunningham, III, Dunn, Swan & Cunningham, P.C., Oklahoma City, OK, for Plaintiff/Appellee.

Samuel L. Talley, Talley, Crowder & Talley, An Association of Professional Corporations, Norman, OK, for Defendants/Appellants.

KENNETH L. BUETTNER, Presiding Judge.

¶1 Plaintiff/Appellee Sharon Phelps (Phelps) sued Defendants Auston Clark, individually and d/b/a Clarks at Your Service, L.L.C. (collectively "Clark"), for breach of contract, unjust enrichment, and fraud, with respect to a home re-model job. Summary Judgment was granted in favor of Phelps. Phelps filed a Motion for Attorney Fees and Costs relying on 15 O.S.2001 § 276, which was granted. We hold that 15 O.S.2001 § 276 is not applicable to Phelps' underlying causes of action and, therefore, reverse the award of attorney fees.

¶2 In Phelps' Motion for Summary Judgment, she relied on deemed admissions from certain Requests for Admissions which were served, and to which Clark had failed to timely respond. Clark filed a Response and claimed material facts were disputed. The trial court granted Phelps' Motion for Summary Judgment and scheduled a hearing on damages. An Order and Stipulation of Damages was entered August 21, 2009, which constitutes a final judgment in this case, awarding Phelps $8,864.00.

¶3 Phelps filed a Motion for Attorney Fees and Costs based upon 15 O.S.2001 § 276. In her Motion, Phelps states that she brought her civil action to recover a fair portion of the monies advanced by her to Defendants. She then states that "Oklahoma law provides that, where there is an obligation to repay money after a default, the prevailing party at trial is entitled to recover its attorney fees." Title 15 O.S.2001 § 276 provides:

In any civil action to collect upon an obligation to repay money after default, the party prevailing on such cause of action shall be awarded a reasonable attorney's fee. This attorney's fee shall be assessed by the court as costs against the losing party.

¶4 Title 15 pertains to contracts. Chapter 6, in which § 276 is found, is entitled "Loan of Money."[1] In *Ex parte Higgs,* 1953 OK CR 160, 97 Okla.Crim. 338, 263 P.2d 752, Syllabus by the Court, paragraphs 1 and 2 state:

1. The fundamental rule of construction is to ascertain the intention of the lawmakers in order that the true meaning of the legislature may be determined.

2. The rules of statutory construction are intended as an aid to resolve doubts and not create them.

The parties cite no cases, nor have we found any Oklahoma cases interpreting § 276.[2]

¶5 Section 276 first requires an "obligation to repay money" and secondly a default of that obligation. The title of the Chapter and the wording of the statute suggest that a loan of some kind be involved, or, at a minimum, that a liquidated sum is due and has not been repaid. In this case, the contract was for a garage conversion. With respect to compensation, the contract states that Owner [Phelps] will pay Contractor [Clark]:

| | |
|---|---|
| 1st Draw due upon contract for deck material | $ 3,000.00 |
| 2nd Draw due upon completion of deck | $13,000.00 |
| 3rd Draw due upon framing of conversion | $10,000.00 |
| Final Draw for completion of contract | $ 3,681.00 |

¶6 While Phelps alleged Clark received more money that he was entitled to under the contract, he disputed the claim, and did not have an obligation to repay until liability and the amount of the excess was determined by the court. As a result, § 276 does not apply to the facts of this case.

¶7 Phelps also briefed a different ground defending her award of attorney fees and costs, that is, that Clark held her money in trust for her benefit until the work was finished, and that pursuant to the law of constructive trust, an award of attorney fees was proper. However, she did not bring that theory of recovery of attorney fees to the trial court's attention, nor Clark's, and is precluded from doing so for the first time on

---

1. The Oklahoma Supreme Court utilized the title of a chapter (Loan of Money), in interpreting a statute in *National Novelty Import Co. v. Muncy,* 1923 OK 793, 219 P. 669, 93 Okla. 5.

2. The Fifth Circuit Court of Appeals awarded attorney fees under § 276 in a suit to collect a promissory note. *Atkinson v. Anadarko Bank and Trust Co.,* 808 F.2d 438 (5th Cir.1987) *cert. denied,* 483 U.S. 1032, 107 S.Ct. 3276, 97 L.Ed.2d 780.

appeal. We decline to address it. *Jernigan v. Jernigan,* 2006 OK 22, 138 P.3d 539.

¶ 8 REVERSED.

HETHERINGTON, J., concurs.

CAROL M. HANSEN, J., dissenting.

¶ 9 A plain reading of § 276 does not reflect a Legislative intent to limit its application to a commercial instrument guaranteeing payment of a promissory note. Here, Defendants are obligated to repay Plaintiff the money she had advanced to them to remodel her home. Section 276 applies to this situation. I would affirm the trial court's award of attorney fees.