## RENNIE et al. v. OKLAHOMA FARM MORTGAGE CO.

No. 13522—Opinion Filed May 20, 1924.

**1. Contracts—Construction — Several Contracts as One Transaction.**

Several contracts relating to the same matter, between the same parties, and made as parts of substantially one transaction are to be taken together. Section 5045, Comp. Stat. 1921.

**2. Same—Notes and Mortgage.**

In a transaction wherein one or more notes are executed and mortgage given to secure the payment of same, all the instruments contemporaneously executed pertaining to the same transaction, should be construed together as one contract.

**3. Usury—Necessity for Nonusury Affidavit —Action on One of Series of Notes.**

Section 5101, Comp. Stat. 1921, does not apply to a note of $300 or less, where the note or notes sued upon are one or more of a series of notes, all of which were executed at the same time, and in relation to the same subject-matter, and as parts of one and the same transaction, where the total amount involved, as evidenced by the series of notes and mortgage, or other contemporaneous instruments executed, exceeds $300.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by Oklahoma Farm Mortgage Company against Albert M. Rennie et al. Judgment for plaintiff, and defendants appeal. Affirmed.

Albert Rennie, for plaintiffs in error.

H. G. Butts and H. W. Harris, for defendants in error.

Opinion by JONES, C. This action was instituted in the district court of Garvin county by appellee, plaintiff in the lower court, against the appellant, defendant in the lower court, to recover judgment on two promissory notes of $157.50 each, making a total of $315, and foreclosure of a real estate mortgage given to secure the payment of same.

The only defense now urged and assigned as error is that the court was in error in not sustaining the objection of the defendant to the introduction of the evidence because of the failure to file the non-

usury affidavit required by law where the note involved is for $300 or less on the institution of the suit. On the trial of the case judgment was rendered for the plaintiff from which defendant appeals.

The question presented is purely one of law, there being no controversy as to the facts, and the statute involved is section 5101, Comp. Stat. 1921, which is as follows:

"No suit upon any contract entered into after the passage and approval of this act, of $300 or less, or an action in replevin or to foreclose any mortgage or lien given as security therefor, shall be maintained in courts of this state, and no petition or bill of particulars shall be filed or any process issued where the amount of such sum is $300 or less, unless at the time of filing such suit, there shall be filed with such bill of particulars or petition, an affidavit setting forth that the contract sued on was not made in violation of the interest laws of this state, and that a greater rate of interest that ten per cent. has not been charged, reserved or collected on such contract or contracts sued upon; Provided, that if upon the trial of any such suit brought upon any note, bill or other evidence of indebtedness of $300 or less, or in replevin or for the foreclosure of any lien given to secure the same, it shall be shown by the evidence that the contract sued upon is usurious and made in violation of the interest laws of this state, said suit shall be dismissed at the cost of the plaintiff."

And the appellant contends that by reason of the provisions of the above section that this suit should be dismissed at the cost of plaintiff because the notes sued upon, while aggregating more than $300, are each for a lesser sum, and therefore come within the purview of the statutes.

Appellee calls our attention to section 5045, Comp. Stat. 1921, which is as follows:

"Several contracts relating to the same matters, between the same parties and made as parts of substantially one transaction are to be taken together."

The two notes sued upon were executed as a part of the transaction, wherein the appellant secured a loan of $2,250 on certain real estate, and duly executed a mortgage upon said real estate securing the payment of all notes given in connection with the transaction, and these two notes of $157.50 each are a part of that transaction and while the record does not disclose, we assume that they are what are commonly known as commission notes which represent a portion of the interest charged.

Appellee cites the case of Oklahoma City Development Co. v. Picard, 44 Okla. 674, 146 Pac. 31, wherein this court said:

"A note and mortgage given to secure the payment of the same are construed together as one contract."

In paragraph 71, Jones on Contracts, we find the following language:

"The note and mortgage are construed together as if they were parts of one instrument when they are made at the same time and in relation to the same subject, as parts of one transaction constituting one contract."

"Where a mortgage is given to secure the payment of a note or bond, the two instruments being made at same time, they are to be read and construed together as parts of the same transaction, and hence the terms of the one may explain or modify the other." 27 Cyc. 1135.

"The mortgage was given to secure the payment of the three notes. It was executed contemporaneously with them. They form one contract and are to be construed together so as to give force to the terms of each." First National Bank v. Peck, 8 Kan. 660.

In 19 R. C. L., par. 219, page 436, under chapter on Mortgages, we find:

"The debt secured by the mortgage is the primary obligation between the parties, and the note is no more than the primary evidence of the debt."

3 R. C. L. page 870, paragraph 54, is as follows:

"When instruments are executed at the same time, for the same purpose, and in the course of the same transaction, they are to be considered as one instrument, and are to be read and construed together as such. So, it is well settled that a bill or note and a contemporaneous written instrument intended to control the bill or note, made between the same persons, may be read and construed together as if one in form. Accordingly it is held that a note, and mortgage securing it, made contemporaneously, are to be construed together as to all persons chargeable with notice of their contents and their relation to each other."

Under these authorities, it seems clear that the section of our statutes referred to and relied upon by appellant does not apply to a case of this character; the contract, of which the notes in controversy were a part, being for a greater sum than $300. It is evident that it was the intention of the Legislature when enacting the statutes that it was for the benefit of the small borrower. It is a matter of general knowledge that money lenders in making small loans frequently disregard and in some way attempt

to avoid the usury statutes, and the amount involved by reason of an overcharge being so small that the borrower could not afford or, at least, did not feel that he could afford, to litigate over so small a sum, and it was for this class of borrowers that the law was enacted, making the filing of the affidavit a jurisdictional matter. and thereby the borrower who had been imposed upon would be enabled to avail himself of the benefit of the law without taking any action on his part, but merely refusing to pay the obligation, and thereby force the lender to offer to do equity, and comply with the usury law of our state.

In our judgment the statute is not applicable to cases of this character, where the primary transaction of which the notes are a part is for a consideration of more than $300. We are inclined to the opinion that suit may be instituted on any one or more notes of a series of notes given in connection with the execution of a mortgage where the total amount secured by the mortgage and loaned to the borrower at the time of the execution of the mortgage, or other contemporaneous instruments, exceeds $300, without the execution of the affidavit as required by section 5101, Comp. Stat. 1921; in other words, the law has no application to any one or more of a series of notes executed contemporaneously between the same parties, the same subject-matter, and as a part and parcel of one and the same identical transaction, such as a loan of money in a sum to exceed $300, which is advanced at one time, regardless of the number of notes that may be executed, and the amount thereof, as evidence of the loan. We therefore recommend that this case be affirmed.

By the Court: It is so ordered.