## CURTIS v. McCRORY.

No. 16658—Opinion Filed May 11, 1926.

Rehearing Denied Jan. 18, 1927.

**Bills and Notes—N, tes Assigned and Secured by Contemporaneous Assignment of Mortgage Construed as One Contract—Parol Evidence Rule Inapplicable.**

The indorsee of promissory notes sued the indorser who indorsed same in blank. The indorser set up a written instrument executed and delivered to indorsee contemporaneously, by which he assigned to the indorsee the security for the notes and the notes without recourse. Held, evidence to support such defense does not contravene the parol evidence rule regarding written instruments, but is admissible, as between the indorsee and indorser, to be construed together with the notes to determine the real contract between the parties, under section 5045, C. O. S. 1921, providing that contracts relating to the same' matter, between the same persons, and made as parts of substantially one transaction, are to be taken together.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by B. S. Curtis against R. F. McCrory. From a judgment for defendant, plaintiff appeals. Affirmed.

Sigler & Jackson, for plaintiff in error.

Dolman & Dyer, for defendant in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. In 1920, Hallett and wife executed and delivered to defendant, McCrory, 17 promissory notes for $60 each and one for $80, payable consecutively by the month. To secure same, they executed a second mortgage on certain real estate in Ardmore. The first four were paid, and defendant delivered the remaining notes to plaintiff, Curtis, by simple indorsement in blank. Default being made in the monthly payments of such notes, plaintiff sued the Halletts and defendant, setting up said mortgage, seeking judgment against all defendants and foreclosure and sale of the property to satisfy same, on the theory that the assignment of said notes carried also the security. It is conceded that the equity of the Halletts in the real estate was extinguished by foreclosure of the first mortgage, so that there was no security for such notes. Plaintiff had judgment against the Halletts by default on the notes. Defendant pleaded and testified, in substance, that plaintiff as a broker sold to defendant a certain farm belonging to one George, and in closing the negotiations among the three, it was agreed between plaintiff and defendant that plaintiff would accept said notes without recourse against defendant, McCrory, on plaintiff's commission due from George for making the sale of the farm; that is, notwithstanding such indorsement of the notes, that it was agreed in writing at the time, that such indorsement should be for the accommodation of plaintiff and sh uld be without recourse to defendant. In support of such answer, there was introduced in evidence a written assignment from defendant, McCrory. to plaintiff, Curtis, of the said second mortgage reciting that McCrory, "does hereby sell, assign. transfer, set over, and convey unto B. S. Curtis, his heirs and assigns, the within mortgage deed, the real estate conveyed, and the promissory notes, without rec urse, debts and claims thereby secured, and conveyance therein contained," etc. Defendant testified that he stated to plaintiff, "I will turn all that stuff (notes and mortgage) over to you, or there will be no trade"; that plaintiff replied, "I will show you how to show that, and I'll not let you suffer by it"; that plaintiff himself dictated the assignment of the notes and mortgage without recourse; that defendant had theretofore shown plaintiff the property on which the mortgage was a second lien, and that plaintiff said he would take the notes without recourse; that the notes were delivered to and accepted by plaintiff at the same time and together with the written assignment. Judgment on verdict was for defendant, McCrory, from which plaintiff appeals.

Plaintiff assigns that the court erred in admitting the parol testimony on behalf of defendant that such indorsement of the notes should be without recourse, under section 5035, C. O. S. 1921, whereby the execution of a contract in writing supersedes all negotiations preceding or accompanying its execution. He invokes those authorities properly applying such statute. Let it be conceded, as contended by plaintiff, that such notes, if they were the contract. or the only contract. or the complete contract between plaintiff and defendant, would constitute

the promise of defendant to pay plaintiff under the rule governing an indorser in blank. In Davis, Receiver, v. Brown et al., 94 U. S. 423, 24 L. Ed. 204, it is held that:

"An indorser of a promissory note is a competent witness to prove an agreement in writing made with its holder at the time of his indorsement, that he shall not be held liable thereon, where the paper has not afterwards been put into circulation, but is held by the party to whom the indorsement was made. An agreement like the one mentioned above and the indorsement, taken together, are equivalent, so far as the holder of the note is concerned, to an indorsement without recourse to the indorser."

Under section 5045, Id., that contracts relating to the same matter, between the same persons, and made as parts of substantially one transaction, are to be taken together, this court has held that a note and mortgage given to secure the same, contemporaneously executed, do pertain to the same transaction and should be construed together as one contract. Rennie et al. v. Oklahoma Farm Mortgage Co., 99 Okla. 217, 226 Pac. 314. In that case, the rule, as laid in 3 R. C. L. 870, is quoted with approval, that a bill or note and a contemporaneously written instrument intending to control the bill or note, made between the same persons, may be read and construed together as if one in form as to all persons chargeable with notice of their contents and their relation to each other. In Saline Valley Bank v. Peckham et al. (Kan.) 196 Pac. 593, it is held that where the payee of a note bound himself to the maker in writing, he would surrender the note to the maker at or before its maturity, the note and the contract were to be read and construed together in an action by the payee. who acquired it with full notice of its infirmity and who knew and had custody of the written contract.

There is a conflict in the evidence whether the said assignment of the mortgage by defendant to plaintiff was delivered at the same time, or delivered at all, but it inheres in the verdict on conflicting evidence that they were executed and delivered contemporaneously. We hold that the said testimony of defendant was not objectionable as tending to vary the terms of a written contract, the notes. It was competent under said authorities, as tending to show that the notes did not constitute the entire contract between the parties, that the contract consisted of both the notes and the assignment of said mortgage. The contention of each party was submitted to the jury on proper instructions, and since the evidence of defendant, and other circumstances, reason-

ably tend to support the judgment, the same cannot be disturbed on appeal. From the foregoing, it becomes unnecessary to consider the other assignments of error.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 196 §327; p. 1021. §1333. 13 C. J. p. 528, §487.