## FIRST STATE BANK v. FUNSTON et al.

No. 26591.   Feb. 9, 1937.

T. L. Turner, for plaintiff in error.

J. Scott Vincent, for defendants in error.

HURST, J.   This is an action on a renewal promissory note, executed by L. T. Funston and E. V. Miller to the First State Bank under the following circumstances: The bank had made arrangements to act as clerk at a public sale of property belonging to Mrs. Funston, mother of one of the defendants, and as was its custom, it handled the notes given at the sale. Defendant Funston purchased some property at the sale and the bank refused to accept his note without other indorsements. The next day, on October 1, 1931, he executed a note to defendant Miller for $106.60, procured Miller's indorsement in blank on the back, and delivered same to the bank, where it was accepted. The bank then kept the note and paid Mrs. Funston the amount thereof. The note became due on October 1, 1932, and on that date defendant Funston paid $14, which was credited thereon. On October 17, 1932, a renewal note was executed and delivered to the bank for $113.58, but the record does not disclose who was the payee. This note became due on June 1, 1933, and on June 6th, the renewal note sued on was executed by defendant Funston to the bank and indorsed by defendant Miller. This note called for the principal sum of $123.58 due October 1, 1933, bearing interest at the rate of 10 per cent. per annum from date.

The action was originally commenced in the justice court and a nonusury affidavit was filed, but defendants answered alleging usury and asking that the case be dismissed. From an adverse judgment plaintiff appealed to the district court and a jury was

waived. The court found that the original note was given for the purchase of stock and machinery and not for the loan of money. The court further found that there was no usury in the first note, but that usurious interest was charged in each of the renewal notes. Judgment was then rendered dismissing the case under section 9522, O. S. 1931.

Plaintiff perfected this appeal upon the theory that the original note was not given for a loan of money, but for the purchase of goods, and therefore the renewal notes could not be usurious under our statutes, relying upon the case of National Novelty Imports Co. v. Muncy, 93 Okla. 5, 219 P. 669, and kindred cases holding that the section of the statute referred to applies only to notes given for a loan of money.

The first question for determination is whether, under the facts stated, the original note was given for a loan of money or the purchase of stock and machinery. Our attention has not been called to any case or authority where the facts are similar to those in the case at bar. It is not contended that the original note contained usury. It cannot, therefore, be argued that the original transaction was handled as it was as a device to conceal usury. However, we are inclined to the view that the original note was, as between the bank and Funston, a loan of money. The bank did not sell Funston any property. Funston's mother sold him the property. The substance of the transaction was that the bank loaned Funston the money and at his instance paid his mother the money and he received from his mother the property which he had purchased at the sale. The bank did not purchase the note from Funston's mother. It was not made payable to her and she had nothing to do with it.

While the original note contained no usury, the trial court correctly held that both the renewal notes did. Section 9516, O. S. 1931, defines interest as "the compensation allowed for the use or forbearance, or detention of money, or its equivalent." When the original note became due, Funston owed the bank a definite sum of money, and before the bank would renew the debt it required Funston to give a renewal note in which he agreed to pay interest of more than 10 per cent. per annum on that definite sum. The taking of the renewal note was in effect a new loan of money. 66 C. J., page 192. Irrespective of whether the original evidence of the debt contained usury, if the renewal note requires the payment of more than the lawful rate of interest, it is usurious and subjects the holder to the statutory penalties for usury. 66 C. J., pages 192 and 245.

The note sued on being usurious and given for a loan of money, and being for less than $300, the court properly dismissed the case under section 9522, O. S. 1931. Affirmed.

OSBORN, C. J., and BUSBY, PHELPS, and CORN, JJ., concur.