### TULSA INDUSTRIAL LOAN & INVESTMENT CO. v. JOHNSON et al.

No. 26993.     June 8, 1937.

W. S. Meyer, for plaintiff in error.

Samuel A. Boorstin and Robert J. Woolsey, for defendants in error.

PER CURIAM. The plaintiff filed an action in replevin to repossess a piano which was given to secure a promissory note executed for the loan of money on the 29th day of July, 1931. The parties will be referred to as they appeared in the trial court.

The defendants signed the note for the principal sum of $280 and executed a chattel mortgage on a piano, and on the date of execution of the note the uncontroverted evidence shows that the defendant received the sum of $250. The note provides that it shall be payable at the rate of $28 per month for ten months, the first payment being due 30 days after the date of execu-

tion. It provides for 10 per cent. interest from maturity. The defendant Johnson testified that within the 30 days after the execution of the note he began to pay interest at the rate of $4 per month and paid the same for six months. Nowhere was this evidence controverted by the plaintiff, nor did it offer any evidence as to the nature of the transaction or to dispute the matters in evidence. There is a claim that the plaintiff was denied the right to show that the $30 exacted or some part thereof was for insurance. The trial court gave the plaintiff ample opportunity to introduce any testimony along this line that it chose to. It is urged that by denying the right of the defendant Johnson to answer certain questions plaintiff was precluded from the right to offer testimony. The record is silent as to any kind of offer in this connection. We find no error in the alleged action of the trial court.

Plaintiff cites and relies upon the rule announced in Mortgage Guaranty Co. v. Patch (Cal. App.) 3 P. (2d) 35; Rennie v. Oklahoma Farm Mort. Co., 99 Okla. 217, 226 P. 314, and Deming Investment Co. v. Grigsby, 65 Okla. 88, 163 P. 530. The rule announced in those cases, and particularly in Deming Investment Co. v. Grigsby, supra, is not applicable. It is clear that the transaction here is usurious. In one of the above cases it is stated that the allegations of the answer are uncertain, unintelligible, and ambiguous. Here the answer is clear and specific, as was the testimony of the defendant Johnson. The plaintiff did not choose to take the stand or offer evidence to controvert the allegations of the answer at any stage of the proceedings.

Section 9522, O. S. 1931, provides that if upon the trial of any suit brought upon a note, bill, or other indebtedness of $300 or less, or an action in replevin to enforce the same, it shall appear that usurious interest has been charged, reserved, or collected, the cause will be dismissed at the costs of the plaintiff. A note which is executed for less than $300 in violation of the provisions of that section is subject to the penalties provided therein. First State Bank v. Funston, 179 Okla. 190, 64 P. (2d) 1222.

The judgment of the trial court is affirmed.

OSBORN, C. J., and WELCH, PHELPS, CORN, and HURST, JJ., concur.